**PUBLISH**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2005**

UNITED STATES COURT OF APPEALS

**PATRICK FISHER**
**Clerk**

TENTH CIRCUIT

STATE OF WYOMING,

        Plaintiff - Appellee,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE; UNITED
STATES FOREST SERVICE,
Department of Agriculture; ANN M.
VENEMAN, United States Department
of Agriculture Secretary, in her
official capacity; DALE N.
BOSWORTH, United States Forest
Service Chief Forester, in his official
capacity,

        Defendants,

   and

WYOMING OUTDOOR COUNCIL;
THE WILDERNESS SOCIETY;
SIERRA CLUB; BIODIVERSITY
ASSOCIATES; PACIFIC RIVERS
COUNCIL; NATURAL RESOURCES
DEFENSE COUNCIL; DEFENDERS
OF WILDLIFE; NATIONAL
AUDOBON SOCIETY,

        Defendants-Intervenors-
Appellants,

------------------------------------------------

No. 03-8058

UNITED STATES OF AMERICA; PACIFIC LEGAL FOUNDATION; MOUNTAIN STATES LEGAL FOUNDATION; FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS; COLORADO MINING ASSOCIATION, UTAH MINING ASSOCIATION, WYOMING MINING ASSOCIATION, WESTERN BUSINESS ROUNDTABLE; AMERICAN FOREST & PAPER ASSOCIATION; STATE OF IDAHO; BLUERIBBON COALITION; IDAHO STATE SNOWMOBILE ASSOCIATION; AMERICAN COUNCIL OF SNOWMOBILE ASSOCIATIONS; WYOMING ASSOCIATION OF CONSERVATION DISTRICTS, WYOMING FARM BUREAU FEDERATION, WYOMING STOCK GROWERS ASSOCIATION, PETROLEUM ASSOCIATION OF WYOMING, BILLINGS COUNTY, NORTH DAKOTA, ROCKY MOUNTAIN REGION - PEOPLE FOR THE U.S.A.; and STATE OF UTAH,

Amici Curiae.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**
**(D.C. No. 01-CV-86-B)**

---

James S. Angell of Earthjustice, Denver, Colorado (Timothy J. Preso, Douglas L. Honnold, and Abigail M. Dillen of Earthjustice, Bozeman, Montana, with him on the briefs), for Appellants.

Jennifer A. Golden, Senior Assistant Attorney General (Patrick J. Crank, Attorney General; and Jay A. Jerde, Deputy Attorney General, with her on the briefs), Wyoming Attorney General's Office, Cheyenne, Wyoming, for Appellee.

Robin L. Rivett and Emma T. Suárez Pawlicki of Pacific Legal Foundation, Sacramento, California, filed an amicus curiae brief for Pacific Legal Foundation.

Paul M. Seby and William H. Caile of Friedlob, Sanderson, Paulson & Tourtillott, Denver, Colorado, filed an amici curiae brief for Colorado Mining Association, Utah Mining Association, Wyoming Mining Association, and the Western Business Roundtable.

Thomas R. Lundquist and J. Michael Klise of Crowell & Moring LLP, Washington, D.C., with William R. Murray, Of Counsel, American Forest & Paper Association, Washington, D.C., filed an amicus curiae brief for the American Forest & Paper Association.

Kelly A. Johnson, Acting Assistant Attorney General, Jeffrey Bossert Clark, Deputy Assistant Attorney General, James C. Kilbourne and Andrew C. Mergen, Attorneys, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., filed an amicus curiae brief for the United States of America.

Patrick A. Parenteau and Julia LeMense Huff of Environmental and Natural Resources Law Clinic, Vermont Law School, South Royalton, Vermont, filed an amicus curiae brief for Environmental Ethics.

Lawrence G. Wasden, Attorney General, Clive J. Strong, Chief, Natural Resources Division, Clay R. Smith and Steven W. Strack, Deputy Attorneys General, Boise, Idaho, filed an amicus curiae brief for the State of Idaho.

Paul A. Turcke of Moore Smith Buxton & Turcke, Chartered, Boise, Idaho, filed an amici curiae brief for Blueribbon Coalition, Idaho State Snowmobile Association, and American Council of Snowmobile Associations.

Alison Roberts & William Perry Pendley, Mountain States Legal Foundation, filed an amicus curiae brief for Mountain States Legal Foundation.

Constance E. Brooks and Michael Marinovich of C.E. Brooks & Associates P.C., Denver, Colorado, filed an amici curiae brief for Wyoming Association of Conservation Districts, Wyoming Farm Bureau Federation, Wyoming Stock Growers Association, Petroleum Association of Wyoming, Billings County, North Dakota, and Rocky Mountain Region-People for the U.S.A.

Michael S. Johnson, Jaysen R. Oldroyd, Assistant Attorneys General, and Mark L. Shurtleff, Utah Attorney General, Salt Lake City, Utah, filed an amicus brief for the State of Utah.

---

Before **HENRY**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.      INTRODUCTION

In January 2001 the United States Forest Service issued a rule, commonly known as the "Roadless Rule," that generally prohibited road construction in inventoried roadless areas on National Forest System lands. Roadless Area Conservation, 36 C.F.R. §§ 294.10–294.14 (2001). The State of Wyoming filed a complaint in the United States District Court for the District of Wyoming challenging the Roadless Rule.[1]  A number of environmental organizations

---

[1]Wyoming named as defendants the United States Department of Agriculture ("USDA"); the United States Forest Service; Ann M. Veneman, Secretary of Agriculture; and Dale N. Bosworth, Chief Forester of the USDA

(continued...)

intervened on behalf of the federal defendants in defense of the Rule.[2]  After concluding that the Forest Service promulgated the Roadless Rule in violation of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370f, and the Wilderness Act, 16 U.S.C. §§ 1131–1136, the district court permanently enjoined enforcement of the Rule.  *Wyoming v. United States Dep't of Agric.*, 277 F. Supp. 2d 1197, 1239 (D. Wyo. 2003).  Defendant-intervenors are appealing the district court's order.  During the pendency of this appeal, the Forest Service adopted a final rule that replaces the Roadless Rule.  We conclude that the new rule has mooted the issues in this case and therefore **dismiss** the appeal and **vacate** the district court's judgment.

## II.    BACKGROUND

In October 1999, at the direction of President Clinton, the Forest Service initiated a public rulemaking process designed to protect the remaining roadless areas within the National Forest System.  *See* Notice of Intent to Prepare an Environmental Impact Statement, 64 Fed. Reg. 56,306 (Oct. 19, 1999).  The proposed rule and Draft Environmental Impact Statement ("DEIS") were

---

[1](...continued)
Forest Service [hereinafter and collectively, the "federal defendants" or the "USDA"].

[2]Defendant-intervenors are the Wyoming Outdoor Council, Wilderness Society, Sierra Club, Biodiversity Associates, Pacific Rivers Council, Natural Resources Defense Council, National Audubon Society, and Defenders of Wildlife [hereinafter and collectively, the "WOC groups" or the "WOC"].

published in early May 2000. *See* Notice of Proposed Rulemaking, 65 Fed. Reg. 30,276 (May 10, 2000). Public comments were received until July 17, 2000, and thereafter the Final Environmental Impact Statement ("FEIS") was published in November 2000. In January 2001 the Forest Service announced the adoption of the Roadless Rule, which prohibited road construction, reconstruction, and timber harvest in inventoried roadless areas located on National Forest System lands unless an exception applied. 36 C.F.R. §§ 294.12(a)–(b) (2001).[3] The Rule affected approximately 58.5 million acres (or thirty-one percent) of the National Forest System lands, including roughly 3.25 million acres (or thirty-five percent) of the National Forest lands in Wyoming.

Almost immediately, the Roadless Rule was embroiled in litigation. *See, e.g.*, *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1126 (9th Cir. 2002) (reversing preliminary injunction that prohibited implementation of the Roadless Rule). On May 18, 2001, the State of Wyoming filed the present suit seeking declaratory and injunctive relief. In its complaint, Wyoming alleged, *inter alia*, that the Roadless Rule violated NEPA, the Wilderness Act, the National Forest Management Act,

---

[3]Inventoried roadless areas are defined as "[u]ndeveloped areas typically exceeding 5,000 acres that met the minimum criteria for wilderness conservation under the Wilderness Act and that were inventoried during the Forest Service's Roadless Area Review and Evaluation (RARE II) process, subsequent assessments, or forest planing." U.S. Forest Serv., U.S. Dep't of Agric., Forest Service Roadless Area Conservation: Final Environmental Impact Statement G-5 (2000).

16 U.S.C. §§ 1600–1614, and the Multiple-Use Sustained-Yield Act, 16 U.S.C. §§ 528–531. On July 14, 2003, the district court held that the Forest Service promulgated the Roadless Rule in violation of NEPA and the Wilderness Act. *Wyoming*, 277 F. Supp. 2d at 1239. The court then set aside the Roadless Rule pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(C), and issued a permanent injunction, national in scope, prohibiting the federal defendants from enforcing the Roadless Rule. *Id.* at 1237-39.

Although the federal defendants announced that they would not appeal the district court's order, the WOC groups filed a timely notice of appeal. While the appeal was pending, the Forest Service announced a proposal to replace the Roadless Rule. Notice of Proposed Rulemaking, 69 Fed. Reg. 42,636 (July 16, 2004). At the same time, the Forest Service reinstated an interim directive to provide guidance for the protection and management of the roadless areas until the Roadless Rule could be replaced. Notice of Issuance of Agency Interim Directive, 69 Fed. Reg. 42,648 (July 16, 2004).

Oral argument was held on May 4, 2005, and the next day the Forest Service announced the adoption of a final rule replacing the Roadless Rule. The new rule establishes a process whereby state governors may petition the Secretary of Agriculture to promulgate regulations establishing management requirements for any or all of the National Forest System inventoried roadless areas within a

state.  State Petitions for Inventoried Roadless Area Management, 70 Fed. Reg. 25,654 (May 13, 2005) (to be codified at 36 C.F.R. pt. 294).  This court requested supplemental briefing on (1) whether adoption of the final rule moots this appeal and (2) if it does, whether the district court's judgment should be vacated.[4]  Because issuance of the new rule moots this case, the appeal is dismissed for lack of jurisdiction and the district court's judgment is vacated.

## III.    DISCUSSION[5]

### A. Mootness

Under Article III of the Constitution, the power of the federal courts extends only to "actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  A case will be rendered moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quotation omitted).  "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world."  *Citizens for Responsible*

---

[4]The United States filed an amicus brief arguing that the replacement rule renders the appeal moot.  The government takes no position on the issue of vacatur.

[5]The question of standing need not be decided in order to analyze mootness and vacatur.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67, 71-73 (1997); *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994).

*Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (quotation and alteration omitted).

By eliminating the issues upon which this case is based, adoption of the new rule has rendered the appeal moot. *See Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995). The portions of the Roadless Rule that were substantively challenged by Wyoming no longer exist. *See* 70 Fed. Reg. 25,654 (containing no prohibition on road construction, reconstruction, or timber harvest); *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1223 (10th Cir. 2001) ("[A] statutory amendment moots a case to the extent that it removes challenged features of the prior law." (quotation omitted)). Moreover, the alleged procedural deficiencies of the Roadless Rule are now irrelevant because the replacement rule was promulgated in a new and separate rulemaking process.

An exception to mootness exists when (1) the duration of the challenged conduct is too short to be fully litigated prior to its expiration, and (2) there is a reasonable expectation that the complaining party will be subjected to the same conduct again. *Lewis*, 494 U.S. at 481. Neither of these conditions are satisfied in the present case. If the Roadless Rule were to reappear in the future, there would be ample opportunity to challenge the rule before it ceased to exist. In any event, the likelihood of this occurring is much too speculative to conclude that there is a reasonable expectation that Wyoming would again be subject to the

challenged rule.  *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982) (recognizing that the possibility of recurrence must be more than theoretical); *cf. Camfield*, 248 F.3d at 1223-24 (concluding that, without more, the possibility that a legislature may reenact the challenged statute does not preclude a mootness determination).

The WOC groups suggest that the Forest Service has strategically manipulated the courts and should not benefit from the preservation of the district court's judgment by a declaration of mootness.  In *City of Erie*, the Supreme Court noted that the interest in "preventing litigants from attempting to manipulate the Court's jurisdiction to insulate a favorable decision from review [] counsels against a finding of mootness."  529 U.S. at 288.  The concern is that a party's change in position may be temporary and thus abandoned once the litigation ends.  *See id.*  Even under the WOC's characterization of events, however, it appears that the replacement of the Roadless Rule was not triggered by the district court's judgment, but merely reflects the government's discontent with the rule itself.  Any change to the rule would necessarily have an impact on this case and therefore should not automatically raise the specter of manipulation. Additionally, because it is appropriate to vacate the judgment of the district court, *see* discussion *infra* Part III.B, this argument loses much of its force.  *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283-84 (2001) (explaining that the possibility of manipulation in *City of Erie* was important

-10-

because a mootness determination would leave the state court judgment intact); *Seneca-Cayuga Tribe v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1029 (10th Cir. 2003).

For this court to render a decision on the validity of the now nonexistent Roadless Rule "would constitute a textbook example of advising what the law would be upon a hypothetical state of facts rather than upon an actual case or controversy as required by Article III of the Constitution." *Camfield*, 248 F.3d at 1223 (quotation omitted). This appeal is therefore constitutionally moot and must be dismissed for want of jurisdiction.

**B. Vacatur**

When a case becomes moot pending appeal, the general practice is to vacate the judgment below and remand with directions to dismiss. *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996). This is because "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) (footnote omitted). Consequently, it is frequently appropriate for an appellate court to vacate the judgment below when mootness results from happenstance or the actions of the prevailing party. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71-72 (1997). Vacatur is generally not

appropriate when mootness is a result of a voluntary act of a nonprevailing party. *See U.S. Bancorp Mortgage Co.*, 513 U.S. at 24-25.

Vacatur is an equitable remedy and the facts of the present situation favor vacating the judgment of the district court. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004). Although this case was mooted by the Forest Service, the nonprevailing party, the agency is not "the party seeking relief from the judgment below." *U.S. Bancorp Mortgage Co.*, 513 U.S. at 24. This is also not a case in which a litigant is attempting to manipulate the courts to obtain the relief it was not able to win in the judicial system. *Cf. Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 352 (D.C. Cir. 1997) (observing that "[t]he mere fact that a legislature has enacted legislation that moots an appeal, without more, provides no grounds for assuming that the legislature was motivated by such a manipulative purpose" because "[t]he legislature may act out of reasons totally independent of the pending lawsuit, or because the lawsuit has convinced it that the existing law is flawed").[6] Moreover, because the party seeking

---

[6]In *Nat'l Black Police Ass'n v. District of Columbia*, the D.C. Circuit suggested that it may have reached a different result if the case had been rendered moot by the enactment or repeal of an administrative regulation. 108 F.3d 346, 353 (D.C. Cir. 1997). Vacatur, however, is determined by the particular circumstances of each case. *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996). The circumstances of the rule change in the instant case do not suggest that the Forest Service was motivated by a desire to avoid or undermine the district court's ruling. Any unfairness that may generally result

(continued...)

appellate relief is not the party responsible for mooting the case, the orderly operation of the appellate system is not being frustrated. *See U.S. Bancorp Mortgage Co.*, 513 U.S. at 26-27. Thus, this situation is more akin to one in which a controversy is mooted through "circumstances unattributable to any of the parties." *Id.* at 23 (quotation omitted). Accordingly, it is appropriate to vacate the district court's order striking down the Roadless Rule.[7]

## IV. CONCLUSION

For the reasons set out above, we **DISMISS** this appeal as moot, **VACATE** the judgment and related interlocutory rulings of the district court, *see supra* note 7, and **REMAND** the mooted claims to the district court for dismissal without prejudice. In light of our disposition, all pending motions are **DENIED** as moot.

---

[6](...continued)
from vacating a lower court's judgment when the losing party moots a case is not present in this particular situation. By vacating the judgment of the district court, the rights of the defendant-intervenors, the nonprevailing parties seeking appellate relief, are preserved. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950).

[7]The district court also issued two prior rulings related to Wyoming's claim under the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2, §§ 1–15. *See Wyoming v. United States Dep't of Agric.*, 239 F. Supp. 2d 1219 (D. Wyo. 2002) (ruling on discovery issues); *Wyoming v. United States Dep't of Agric.*, 201 F. Supp. 2d 1151 (D. Wyo. 2002) (denying motion for judgment on the pleadings). Although the possibility that these rulings will have any preclusive effect in future litigation is slight, because the entire case is moot and the WOC has specifically requested vacatur, this court deems it appropriate to grant WOC's request to vacate these rulings of the district court. *See Affiliated Ute Citizens v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 22 F.3d 254, 256 (10th Cir. 1994).