ORDER AND JUDGMENT*
JEROME A. HOLMES, Circuit Judge.
This Court ordered the parties on November 9, 2006 to be prepared to address at oral argument why this appeal is not moot. Oral argument was held on November 13, 2006. At oral argument, the mootness issue was discussed. However, the parties only reached agreement that this Court lacked appellate jurisdiction under 28 U.S.C. § 1291. More specifically, they agreed that the challenged Order — the district court’s November 4, 2005 Order in the parties’ second federal action — was not a “final order” within the meaning § 1291.
We are not bound by the parties’ agreement, nor the rationale underlying it. Exercising our independent obligation to determine the existence of a “case” or “controversy” within the meaning of Article III of the United States Constitution, see Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1276 (10th Cir.2001), we hold that the instant appeal has been rendered moot by virtue of the arbitration panel’s October 12, 2006 award.
The sole relief requested by plaintiffs-appellants Bank of Nova Scotia and Creek-stone Farms Premium Beef, L.L.C. (collectively “plaintiffs”) in the second federal action was a stay of the arbitration proceeding commenced by defendant-appellee Suitt Construction Company, Inc. (“Suitt”). Plaintiffs contended that such relief was appropriate because Suitt’s counterclaim against it was not arbitrable. The stay question is the only one presented by this appeal. Specifically, plaintiffs argue that the district court erred in declining to stay the arbitration of Suitt’s counterclaim.
The arbitration proceeding on Suitt’s counterclaim, however, is now over. It concluded in September 2006. And, on October 12, 2006, the arbitration panel issued an Order finding that Suitt was entitled to recover against plaintiffs the unpaid contract balance in the amount of $2,127,25o.[1] The completion of the arbitration of Suitt’s counterclaim and the issuance of the October 12, 2006 Order prevent this Court from granting plaintiffs any effective relief in this appeal. See *862 Casad v. U.S. Dep’t of Health and Human Serv., 301 F.3d 1247, 1254 (10th Cir.2002) (“When events occur that prevent the appellate court from granting any effective relief, an issue is moot.”).[2]
We therefore DISMISS the instant appeal for lack of subject matter jurisdiction, VACATE the district court’s November 4, 2005 Order,[3] and REMAND this mooted action to the district court for dismissal without prejudice.[4]
This judgment shall not prejudice the parties’ rights to raise the substance of the arguments presented in this appeal in future proceedings, to the extent the parties otherwise would be permitted to raise these arguments under applicable law. In particular, insofar as otherwise legally permissible, the judgment shall not prejudice the parties’ rights to raise in any further proceedings relating to the confirmation of the arbitration award arguments regarding the arbitrability of Suitt’s counterclaim.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 (eff. Dec.l, 2006) and 10th Cir. R. 32.1 (eff.Jan.l, 2007).

. Plaintiffs conceded at oral argument that the only relief they sought in the second federal action was to enjoin the arbitration and that the arbitration of Suitt’s counterclaim "has taken place.”

. Suitt suggested at oral argument that the appeal would not be moot until the arbitration panel resolved the outstanding issue of calculating Suitt’s attorney's fees and expenses as the prevailing party. We reject this suggestion. Plaintiffs’ application for a stay sought to enjoin the arbitration of Suitt’s counterclaim — an event that already has taken place. Furthermore, the October 12, 2006 award of contract damages (and post-award interest) on this counterclaim is currently subject to confirmation by the district court in the first federal action pursuant to § 9 of the FAA. See 9 U.S.C.A. § 9 (party may seek order from district court confirming "award made pursuant to the arbitration”); cf. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (adopting in the § 1291 context a "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final”).

. We follow the general practice among federal courts and invoke the equitable remedy of vacatur because the controversy has been mooted through "happenstance.” United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 95 L.Ed. 36 (1950); see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); Wyoming v. U.S. Dep’t of Agric., 414 F.3d 1207, 1213 (10th Cir.2005).

. Pending before the Court is Suitt’s motion to strike plaintiffs’ supplemental appellate brief. The stated purpose of plaintiffs' supplemental appellate brief is to advise this Court of the outcome of the arbitration between plaintiffs and Suitt. The parties addressed that outcome in oral argument and this Court has considered the outcome in resolving this appeal. Accordingly, Suitt's motion is denied.