**NOT FOR PUBLICATION**

MAY 22 2015

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| PUBLIC POWER COUNCIL; NORTHWEST REQUIREMENTS UTILITIES; PACIFIC NORTHWEST GENERATING COOPERATIVE, | No. 08-74811 |
| Petitioners, | BPA No. WP-07-A-05 |
| ALCOA INC., | MEMORANDUM[*] |
| Intervenor, | |
| And | |
| AVISTA CORPORATION; PUGET SOUND ENERGY, INC; PACIFICORP; IDAHO PUBLIC UTILITIES COMMISSION; CITY OF TACOMA; CITY OF SEATTLE; PACIFICORP; PUBLIC UTILITY DISTRICT NO.1 OF SNOHOMISH COUNTY, WASHINGTON; CITIZENS' UTILITY BOARD OF OREGON; IDAHO POWER COMPANY; PORTLAND GENERAL ELECTRIC COMPANY; PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY, WASHINGTON; WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION; | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ALCOA INC.,

 v.

U.S. DEPARTMENT OF ENERGY; BONNEVILLE POWER ADMINISTRATION,

Respondents.

PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY, WASHINGTON,

Petitioner,

PUBLIC UTILITY DISTRICT NO. 1,

Intervenor,

ALCOA INC.,

Intervenor,

  And

PACIFICORP; PUGET SOUND ENERGY, INC; AVISTA CORPORATION; PORTLAND GENERAL ELECTRIC COMPANY; IDAHO POWER COMPANY; CITY OF TACOMA; CITY OF SEATTLE; TILLAMOOK PEOPLE'S UTILITY DISTRICT; CITIZENS' UTILITY BOARD OF OREGON,

WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION;

No. 08-74900

BPA No. WP-07-A-05

ALCOA INC.,

 v.

BONNEVILLE POWER
ADMINISTRATION,

Respondent.

BENTON RURAL ELECTRIC
ASSOCIATION,

Petitioner,

ALCOA INC.,

Intervenor,

 And

AVISTA CORPORATION; PUGET
SOUND ENERGY, INC; CITY OF
TACOMA; PACIFICORP; IDAHO
POWER COMPANY; CITY OF
SEATTLE; TILLAMOOK PEOPLE'S
UTILITY DISTRICT; CITIZENS'
UTILITY BOARD OF OREGON;
PORTLAND GENERAL ELECTRIC
COMPANY; ALCOA INC.,

 v.

BONNEVILLE POWER
ADMINISTRATION; U.S.
DEPARTMENT OF ENERGY,

Respondents.

No. 08-75008

BPA No. WP-07-A-05

| | |
|---|---|
| CLATSKANIE PEOPLE'S UTILITY DISTRICT, | No. 08-75091 |
| Petitioner, | BPA No. WP-07-A-05 |
| PACIFICORP; AVISTA CORPORATION; CITIZENS' UTILITY BOARD OF OREGON; ALCOA INC., | |
| Intervenors, | |
| And | |
| PUGET SOUND ENERGY, INC, | |
| v. | |
| BONNEVILLE POWER ADMINISTRATION; U.S. DEPARTMENT OF ENERGY, | |
| Respondents. | |

| | |
|---|---|
| AVISTA CORPORATION, | No. 08-75098 |
| Petitioner, | BPA Nos.   WP-07-A-05 |
| IDAHO POWER COMPANY; PACIFICORP; CITIZENS' UTILITY BOARD OF OREGON; ALCOA INC., | WP-07-A-06 WP-07-A-07 |
| Intervenors, | |
| And | |

PUGET SOUND ENERGY, INC; THE CITY OF SEATTLE,

v.

BONNEVILLE POWER ADMINISTRATION; U.S. DEPARTMENT OF ENERGY,

Respondents.

PUGET SOUND ENERGY, INC,

Petitioner,

IDAHO POWER COMPANY; CITIZENS' UTILITY BOARD OF OREGON; ALCOA INC.,

Intervenors,

And

PACIFICORP; THE CITY OF SEATTLE,

v.

BONNEVILLE POWER ADMINISTRATION; U.S. DEPARTMENT OF ENERGY,

Respondents.

No. 08-75099

BPA Nos.     WP-07-A-05
             WP-07-A-06
             WP-07-A-07

PACIFICORP,

No. 08-75112

| | |
|---|---|
| Petitioner, | BPA Nos.    WP-07-A-05 |
| | WP-07-A-06 |
| ALCOA INC., | WP-07-A-07 |
| | |
| Intervenor, | |
| | |
| And | |
| | |
| PUGET SOUND ENERGY, INC; CITY OF SEATTLE; IDAHO POWER COMPANY; CITIZENS' UTILITY BOARD OF OREGON, | |
| | |
| v. | |
| | |
| BONNEVILLE POWER ADMINISTRATION; U.S. DEPARTMENT OF ENERGY, | |
| | |
| Respondents. | |

| | |
|---|---|
| IDAHO PUBLIC UTILITIES COMMISSION, | No. 08-75113 |
| | |
| Petitioner, | BPA Nos.    WP-07-A-05 |
| | WP-07-A-06 |
| ALCOA INC., | WP-07-A-07 |
| | |
| Intervenor, | |
| | |
| And | |
| | |
| PUGET SOUND ENERGY, INC; CITY OF SEATTLE; IDAHO POWER COMPANY; PACIFICORP; CITIZENS' UTILITY BOARD OF OREGON, | |

v.

BONNEVILLE POWER
ADMINISTRATION; U.S.
DEPARTMENT OF ENERGY,

Respondents.

| IDAHO POWER COMPANY, | No. 08-75130 |
|---|---|
| Petitioner, | BPA Nos.   WP-07-A-05 |
| | WP-07-A-06 |
| THE CITY OF SEATTLE; PACIFICORP; CITIZENS' UTILITY BOARD OF OREGON; ALCOA INC., | WP-07-A-07 |
| Intervenors, | |
| And | |
| PUGET SOUND ENERGY, INC, | |
| v. | |
| BONNEVILLE POWER ADMINISTRATION; U.S. DEPARTMENT OF ENERGY, | |
| Respondents. | |

| OREGON PUBLIC UTILITY COMMISSION, | No. 08-75132 |
|---|---|
| | BPA Nos.   WP-07-A-05 |
| Petitioner, | WP-07-A-06 |
| | WP-07-A-07 |

THE CITY OF SEATTLE; PACIFICORP;
CITIZENS' UTILITY BOARD OF
OREGON; ALCOA INC.,

Intervenors,

And

PUGET SOUND ENERGY, INC,

v.

BONNEVILLE POWER
ADMINISTRATION; U.S.
DEPARTMENT OF ENERGY,

Respondents.

---

PUBLIC UTILITY DISTRICT NO.1 OF
SNOHOMISH COUNTY,
WASHINGTON,

Petitioner,

PACIFICORP; THE CITY OF SEATTLE;
AVISTA CORPORATION; CITIZENS'
UTILITY BOARD OF OREGON;
ALCOA INC.,

Intervenors,

And

PUGET SOUND ENERGY, INC,

v.

No. 08-75133

BPA No. WP-07-A-05

<table>
<tr><td>

BONNEVILLE POWER
ADMINISTRATION,

Respondent.

</td><td></td></tr>
</table>

<table>
<tr><td>

PORTLAND GENERAL ELECTRIC
COMPANY,

Petitioner,

PUGET SOUND ENERGY, INC; CITY
OF SEATTLE; PACIFICORP; CITIZENS
UTILITY BOARD OF OREGON;
ALCOA INC.,

Intervenors,

v.

BONNEVILLE POWER
ADMINISTRATION; U.S.
DEPARTMENT OF ENERGY,

Respondents.

</td><td>

No. 08-75161

BPA Nos.   WP-07-A-05
             WP-07-A-06
             WP-07-A-07

</td></tr>
</table>

<table>
<tr><td>

TILLAMOOK PEOPLE'S UTILITY
DISTRICT,

Petitioner,

PUGET SOUND ENERGY, INC; CITY
OF SEATTLE; AVISTA
CORPORATION; PACIFICORP;
CITIZENS UTILITY BOARD OF
OREGON; ALCOA INC.,

</td><td>

No. 08-75165

BPA No. WP-07-A-05

</td></tr>
</table>

Intervenors,

v.

BONNEVILLE POWER
ADMINISTRATION; U.S.
DEPARTMENT OF ENERGY,

Respondents.

On Petition for Review of an Order of the
Bonneville Power Administration

Submitted May 5, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and WALTER,[***] Senior District Judge.

This litigation arises from the Bonneville Power Administration's ("BPA's") treatment of refunds owed to one class of customers following our opinions in *Portland General Electric Co. v. BPA* (*PGE*), 501 F.3d 1009 (9th Cir. 2007), and *Golden Northwest Aluminum, Inc. v. BPA* (*Golden Northwest*), 501 F.3d 1037 (9th Cir. 2007). Following those decisions, BPA issued the Record of Decision ("ROD") in its WP-07 Supplemental Wholesale Power Rate Case ("WP-07S

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

ROD"), in which it addressed our opinions and determined the amounts it would pay in refunds, known in BPA documents as the "Lookback Amounts."

The petitioners in this case filed a petition for review in this court challenging various aspects of the WP-07S ROD. After filing the petition for review, all of the petitioning parties except one, the Western Public Alliance Group ("WPAG"), entered into a settlement with BPA known as the REP-12 Settlement Agreement. After evaluating the settlement, the BPA Administrator issued a new ROD, known as the REP-12 ROD,[1] using the terms in the REP-12 Settlement Agreement to calculate and distribute the Lookback Amount refunds required by *PGE* and *Golden Northwest. Ass'n of Public Agency Customers v. BPA* (*APAC*), 733 F.3d 939, 943, 947 (9th Cir. 2013). WPAG did not challenge the terms of the REP-12 ROD. We affirmed the REP-12 ROD, including the Lookback Amount provisions, in *APAC*. *Id.* All parties except WPAG have jointly moved for dismissal of this case as moot, arguing that the REP-12 ROD withdrew and replaced the WP-07S ROD. We agree and dismiss the petition.

---

[1]We grant the moving parties' motion to take judicial notice of the REP-12 ROD. *See Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002). The ROD is available at https://www.bpa.gov/Finance/ResidentialExchangeProgram/Documents/REP-12-A-02.pdf.

WPAG makes several arguments supporting its assertion that its challenge to the WP-07S ROD's treatment of the Lookback Amounts survives the issuance of the REP-12 ROD. Each of these arguments is unavailing.

WPAG argues that the REP-12 Settlement Agreement itself anticipated that we could rule on the WP-07S ROD's treatment of the Lookback Amounts regardless of BPA's later adoption of the settlement's terms in the REP-12 ROD. While the Settlement Agreement acknowledges that litigation could affect BPA's ability to abide by the settlement's terms, the agreement was drafted prior to BPA's adoption of the REP-12 ROD, a time during which this litigation was pending. Further, the REP-12 ROD several times stated BPA's intent to replace the WP-07S ROD Lookback Amounts remedy, demonstrating that BPA did not intend the terms of the WP-07S ROD to remain relevant to claims related to the Lookback Amounts after the REP-12 ROD was approved. *See* REP-12 ROD at 30–31, 293, 320–27, 344–49, 365–72.

WPAG further argues that it seeks damages for past wrongs rather than prospective relief, in an attempt to distinguish case law providing that permanent policy changes moot outstanding challenges to the prior policy. *See, e.g., Smith v. Univ. of Wash., Law Sch.*, 233 F.3d 1188, 1193–95 (9th Cir. 2000) (challenge to university policy mooted by permanent replacement of that policy); *White v. Lee*,

3

227 F.3d 1214, 1243–44 (9th Cir. 2000) (challenge to agency policy mooted by permanent change); *see also Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 78–79 (D.C. Cir. 2011) (new agency ROD mooted challenge to superseded ROD); *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1211–13 (10th Cir. 2005) (challenge to agency rule mooted by issuance of new replacement rule). We disagree with WPAG's characterization. BPA withdrew the ROD providing the initial remedy owed to its customers following our decisions in *PGE* and *Golden Northwest* and replaced it with a new remedy for the same conduct. Such action falls squarely within the traditional scope of agency authority to fashion remedies. *See United Gas Improvements Co. v. Callery Props., Inc.*, 382 U.S. 233, 229 (1965) (upholding the Federal Power Commission's decision to order refunds because "an agency, like a court, can undo what is wrongfully done by virtue of its order"); *Pub. Utils. Comm'n of Cal. v. FERC*, 462 F.3d 1027, 1053 (9th Cir. 2006) ("An agency's discretion is at its zenith when it is fashioning policies, remedies and sanctions . . . ." (alteration and internal quotation marks omitted)); *Pub. Utils. Comm'n of Cal. v. FERC*, 988 F.2d 154, 162–63 (D.C. Cir. 1993) (holding that on remand FERC had the authority to "order[] recoupment of losses caused by its errors"). This is not a case in which WPAG is entitled to damages arising from past agency conduct prior to the policy change at issue, *see White*, 227 F.3d at

4

1240–41, or conduct not addressed by the new policy, *see Atl. Richfield Co. v. BPA*, 818 F.2d 701, 705 (9th Cir. 1987).

Even if the REP-12 ROD replaced the WP-07S ROD, WPAG argues, its terms cannot be applied to moot WPAG's claims because (1) BPA unlawfully applied to nonsettling parties terms in the REP-12 Settlement Agreement and (2) a partial settlement cannot moot claims by nonsettling parties. It is true, as WPAG notes, that the challenged aspect of the WP-07S ROD (failure to include certain payments to PacifiCorp and Puget Sound Energy in the Lookback Amount refunds) is also a feature of the REP-12 ROD, although the overall treatment of the refunds is not precisely the same. *See* REP-12 ROD at 253. But, as we recognized in *APAC*, BPA had the legal authority to establish the remedy ordered by this court in *PGE* and *Golden Northwest* for *all* of its customers so long as that remedy did not exceed its statutory authority. *See* 733 F.3d at 967–68. BPA exercised this authority not by entering into a partial settlement with some of its customers, but by adopting the terms of the settlement as the policy of the agency via an ROD. *See* REP-12 ROD at 292*; see also Mobil Oil Corp. v. Fed. Power Comm'n*, 417 U.S. 283, 297, 312–14 (1974) (upholding Federal Power Commission rates based on a private settlement because the adopted rates complied with the agency's statutory obligations and were supported by the record). As BPA explained in the

5

REP-12 ROD, "[n]on-signers are bound [by the settlement] only in the sense that they will pay in rates the REP benefits provided under the Settlement, but only after BPA has independently found that the Settlement satisfies the requirements and protections set forth in the Northwest Power Act." REP-12 ROD at 348.

We conclude that the REP-12 ROD withdrew and replaced the WP-07S ROD as to the remedy owed by BPA under our decisions in *PGE* and *Golden Northwest*. WPAG did not challenge the REP-12 ROD. Because the REP-12 ROD represents BPA's operative policy on the issue, WPAG's challenge to the WP-07S ROD is moot. The outstanding motions to strike portions of APAC's reply brief and for judicial notice of BPA's WP-10-A-02 ROD are accordingly denied as moot.

**DISMISSED as moot.**