**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

THE CHEROKEE NATION; CHEROKEE
NATION ENTERTAINMENT, LLC,

    Plaintiffs - Appellees,

v.

DEB HAALAND, in her official capacity
as Secretary, U.S. Department of the
Interior; BRYAN NEWLAND, in his
official capacity as Assistant Secretary
Indian Affairs, U.S. Department of the
Interior,

    Defendants - Appellants,

and

UNITED KEETOOWAH BAND OF
CHEROKEE INDIANS OF
OKLAHOMA; UNITED KEETOOWAH
BAND OF CHEROKEE INDIANS IN
OKLAHOMA CORPORATION,

    Intervenor Defendants - Appellants.

Nos. 20-5054 & 20-5055
(D.C. No. 4:12-CV-00493-GKF-JFJ)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

The parties to these appeals agree that we should dismiss them as moot and that only one question remains:  Should we vacate the district court's judgment or leave it undisturbed?  As explained below, the equities favor following our general practice to vacate a judgment when a case becomes moot pending appeal.  We therefore dismiss these appeals and vacate the district court's judgment.

I. Background

In July 2012, the Assistant Secretary - Indian Affairs of the United States Department of the Interior ("Assistant Secretary") issued a decision granting the application of the United Keetowah Band of Cherokee Indians of Oklahoma ("UKB") to have the federal government take a 2.03-acre parcel of land into trust for the benefit of the United Keetowah Band of Cherokee Indians of Oklahoma Corporation ("UKB Corporation") to conduct gaming activities.  The Assistant Secretary's July 2012 decision was premised on a determination that the "former reservation" of the Cherokee Nation of Oklahoma ("CNO") is also the "former reservation" of the UKB for purposes of meeting the terms of a provision in the Indian Gaming Regulatory Act ("IGRA").

The CNO and the Cherokee Nation Entertainment, LLC (collectively, "the Cherokee plaintiffs") filed suit against the Secretary of the Interior and the Assistant Secretary (collectively, "the federal defendants"), challenging the July 2012 decision.

The UKB and the UKB Corporation (collectively, "the UKB defendants") moved to intervene in the lawsuit, and the district court granted intervention.

The district court ultimately determined the trust acquisition was unlawful, agreeing with the CNO that the CNO's "former reservation" is not the UKB's "former reservation" under the IGRA and therefore the 2.03-acre parcel could not be taken into trust for gaming purposes. The district court entered judgment against all defendants and enjoined the federal defendants from taking the land into trust. All defendants appealed.[1]

While the appeals were pending, the Assistant Secretary withdrew the July 2012 decision. The Assistant Secretary notified the UKB that he was withdrawing the July 2012 decision based on his position that the reasoning in recent judicial opinions "changed the legal landscape of Oklahoma lands" and "undermine[d] the Department of the Interior's . . . decision regarding 'former reservation' status for these lands under [the IGRA]." Mot. to Dismiss, Ex. 3. In particular, he cited *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and cases applying its reasoning. He instructed the UKB to file a new land-into-trust application consistent with the changes in the law.

The federal defendants then moved to dismiss both appeals as moot and to vacate the district court's judgment. The UKB defendants filed a response in support

---

[1] The federal defendants appealed in case number 20-5054, and the UKB defendants appealed in case number 20-5055. This court subsequently consolidated the appeals for procedural purposes.

of the motion.  The Cherokee plaintiffs filed a response in opposition to the motion.

Although they agree the appeals are moot, the Cherokee plaintiffs contend the district

court's judgment should stand.[2]

II.  Discussion

We lack jurisdiction over a case if it is moot.  *Unified Sch. Dist. No. 259 v.*

*Disability Rights Ctr. of Kan.*, 491 F.3d 1143, 1146-47 (10th Cir. 2007).

"Constitutional mootness doctrine is grounded in the Article III requirement that

federal courts may only decide actual ongoing cases or controversies."  *Id.* at 1147

(internal quotation marks omitted).  "The crucial question is whether granting a

present determination of the issues offered will have some effect in the real world."

*Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (internal

quotation marks omitted).

In the proceedings below, the Cherokee plaintiffs challenged the

Assistant Secretary's July 2012 decision that the government could take land into

trust for the UKB for gaming purposes because the parcel was within the "former

reservation" of the UKB.  The Cherokee plaintiffs prevailed, and all defendants

appealed from the district court's judgment.  But the case no longer presents a live

---

[2] The Cherokee plaintiffs also argue in the alternative that "[i]f this Court
determines that additional examination of the Secretary's withdrawal decision is
needed," we should remand to the district court to decide in the first instance whether
vacatur is appropriate.  Cherokee Resp. at 20.  Because we can resolve the vacatur
question without additional examination of the Secretary's withdrawal decision, we
deny this alternative request to remand for the district court to make the vacatur
determination.

controversy because the Assistant Secretary has now withdrawn the July 2012 decision. The withdrawal has the effect of "eliminating the issues upon which this case is based" because the July 2012 decision "no longer exist[s]." *Id.* We therefore agree with the parties that these appeals are now moot and must be dismissed.

"In general, when a case becomes moot on appeal, the ordinary course is to vacate the judgment below and remand with directions to dismiss." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1117 (10th Cir. 2016) (brackets and internal quotation marks omitted). This general practice is based on the notion that "a party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *Id.* (brackets and internal quotation marks omitted). "However, when mootness results from a voluntary act of one of the parties, we generally act to prevent a party from taking advantage of mootness that the party caused." *Id.*

The federal defendants assert that the judgment should be vacated because they were frustrated in their efforts to seek review of the district court's decision by events beyond their control—intervening changes in the law that undermined the July 2012 decision and its analysis of the IGRA. They contend the Assistant Secretary's withdrawal of the July 2012 decision was "driven by these changed circumstances over which Interior had no control." Mot. to Dismiss at 19. Although they acknowledge this case is moot in part because the Assistant Secretary withdrew the July 2012 decision, they contend "this is not a case where the government has mooted its own appeal to evade judicial review." *Id.*

5

The federal defendants further assert that "the withdrawal of the [July] 2012 Decision is in no way attributable to the UKB, which now has no means of challenging the adverse district court decision." *Id.* at 20. The UKB defendants similarly argue in their response that "[t]his appeal has become moot through no fault or action of the UKB." UKB Resp. at 12. They explain that—because the federal defendants withdrew the July 2012 decision, which rendered the appeal moot—"[t]he UKB is . . . without recourse to challenge the merits of the district court decision." *Id.* They contend that "[g]iven the unfairness to the UKB of not vacating the decision below, the Court's practice of vacating decisions below when an appeal becomes moot, and the lack of any UKB action to moot this appeal[,] the decision below should be vacated." *Id.*

The Cherokee plaintiffs oppose vacatur. They argue that the federal defendants mooted these appeals when the Assistant Secretary voluntarily withdrew the July 2012 decision. They acknowledge the federal defendants' argument "that withdrawal of the decision was not actually voluntary, but instead was caused purely by the vagaries of circumstance because [intervening judicial opinions] unsettled the basis for the Assistant Secretary's [July] 2012 Decision." Cherokee Resp. at 12 (citation and internal quotation marks omitted). They disagree, however, with the federal defendants' assessment about the impact of those judicial opinions on the July 2012 decision and dispute that those opinions unsettle the basis for the reasoning in that decision. The Cherokee plaintiffs appear to argue that vacatur is not appropriate because of their position that "there is no intervening change in law

6

that—by itself—resolves the controversy." *Id.* at 15.  But we do not think it is necessary for the intervening change in law to completely resolve the controversy.  And we decline to engage in a review of the parties' competing positions as to the impact of the cited judicial opinions, which would bleed into the realm of a merits review of a question that may still come before this court in subsequent litigation.

"The question of whether to vacate a judgment after a finding of mootness is an equitable question that must be determined on the basis of the particular circumstances." *Schell*, 814 F.3d at 1116 (internal quotation marks omitted).  We conclude the equities favor vacating the judgment given the circumstances here.

"[O]ur usual disposition is not to grant vacatur when the act mooting the appeal was caused by the non-prevailing party." *Id.* at 1120.  "[B]ut we will grant vacatur when the act causing mootness was more attributable to some person or entity outside of the litigation, or where other compelling equitable reasons demonstrate that vacatur is appropriate." *Id.* at 1120-21.  Even if we were to conclude that the federal defendants' withdrawal of the July 2012 decision weighed against vacatur, "other compelling equitable reasons demonstrate that vacatur is appropriate." *Id.*  Most importantly, the withdrawal of the July 2012 decision can in no way be attributed to the UKB defendants.  We have made clear that vacatur is appropriate where a party seeking to appeal an adverse judgment was "not the party responsible for mooting the case," *Wyoming*, 414 F.3d at 1213; *cf. Schell*, 814 F.3d at 1118-19 (discussing our cases where "we vacated the judgment of the district court

when an entity that was not a party to the litigation was *more responsible* for the mootness than any party" (emphasis added)).

The Cherokee plaintiffs recognize the UKB defendants' argument that they "would be unfairly prejudiced if the district court's decision remains in place when [they] had no hand in making the appeal moot." Cherokee Resp. at 19 (internal quotation marks omitted). But then the Cherokee plaintiffs pivot to discussing only the facts related to the federal defendants, explaining that the federal defendants lost below, appealed, and then voluntarily mooted the case. *See id.* They fail to explain or cite to any authority to support the proposition they appear to be advancing—that a losing party who takes no action to moot an appeal must be bound by the actions of an unrelated losing party who does act to moot an appeal. We agree with the federal defendants that the Cherokee plaintiffs' proposition "is inconsistent with the general principle that a party like the UKB should not be required to acquiesce in an adverse judgment where the case becomes moot for reasons beyond its control." Reply at 10.

Neither party has cited a case that addresses the circumstances here—a district court enters one judgment against multiple unrelated parties, the losing parties file separate appeals, one of the losing parties takes action that moots the appeals, but the other losing party has no hand in mooting the appeals. Under these circumstances, the equities favor vacatur so as not to prejudice the losing party who had no part in making the appeals moot.

III.  Conclusion

For the reasons set out above, we grant the federal defendants' motion to dismiss.  We dismiss these appeals as moot, vacate the district court's judgment, and remand to that court with instructions to dismiss the case.

Entered for the Court


Jerome A. Holmes
Circuit Judge