FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 13, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

STATE OF WYOMING; STATE OF
MONTANA,

      Petitioners - Appellees,

and

WESTERN ENERGY ALLIANCE;
INDEPENDENT PETROLEUM
ASSOCIATION OF AMERICA,

      Consolidated Petitioners -
      Appellees,

and

STATE OF NORTH DAKOTA;
STATE OF TEXAS,

      Intervenors Petitioners -
      Appellees,

v.

UNITED STATES DEPARTMENT
OF THE INTERIOR; DAVID
BERNHARDT, in his official
capacity as United States Department
of Interior Secretary; UNITED
STATES BUREAU OF LAND
MANAGEMENT; WILLIAM PERRY
PENDLEY, in his official capacity
as Director of the Bureau of Land
Management,

      Respondents,

and

Nos. 20-8072, 20-8073
(D.C. Nos. 2:16-CV-00285-SWS,
2:16-CV-00280-SWS)
(D. Wyo.)

WYOMING OUTDOOR COUNCIL; CENTER FOR BIOLOGICAL DIVERSITY; CITIZENS FOR A HEALTHY COMMUNITY; DINE CITIZENS AGAINST RUINING OUR ENVIRONMENT; EARTHWORKS; ENVIRONMENTAL DEFENSE FUND; ENVIRONMENTAL LAW AND POLICY CENTER; MONTANA ENVIRONMENTAL INFORMATION CENTER; NATIONAL WILDLIFE FEDERATION; NATURAL RESOURCES DEFENSE COUNCIL; SAN JUAN CITIZENS ALLIANCE; SIERRA CLUB; WILDERNESS SOCIETY; WESTERN ORGANIZATION OF RESOURCE COUNCILS; WILDERNESS WORKSHOP; WILDEARTH GUARDIANS,

       Intervenors Respondents,

and

STATE OF CALIFORNIA; STATE OF NEW MEXICO,

       Intervenors Respondents - Appellants.

---

**ORDER AND JUDGMENT**[*]

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

This appeal involves a challenge to an administrative regulation enacted in 2016. 81 Fed. Reg. 83,008 (Nov. 18, 2016).[1] The district court vacated part of the regulation, but it was repealed and replaced in 2024. 89 Fed. Reg. 25,378 (Apr. 10, 2024). Given the regulatory change, the appellants concede that the case is moot. *See Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) ("By eliminating the issues upon which this case is based, adoption of the new rule has rendered the appeal moot."). So the appellate parties agree that we should dismiss the appeal. They disagree only on whether we should vacate the district court's judgment and the underlying ruling. We conclude that both the judgment and the ruling should be vacated.

When the case becomes moot during an appeal, we generally vacate the district court's ruling. *Id.* at 1213; *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996). We decline to do so only when the

_____

But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]     The 2016 regulation was designed to reduce waste of natural gas caused by venting, flaring, and leaks during production on public land.

appellant itself had taken action to render the case moot. *McClendon*, 100 F.3d at 868.

The agency rendered the case moot by repealing and replacing the regulation. But the agency isn't an appellant; so we apply the general rule, vacating the district court's ruling.

But six of the appellees[2] argue that we should apply the exception to vacatur because the appellants "were at least partially responsible for rendering this appeal moot." Appellees' Resp. Br. at 7–11. For this argument, the appellees argue that some of the appellants had delayed the appeal until the agency repealed and replaced the 2016 regulation.

We disagree. The appellants filed only a single request for an extension, lasting 30 days. That request had come more than 3 years before the agency repealed and replaced the 2016 regulation.

Granted, the appeal then languished for roughly 3 years. But the delay resulted from extensive discussions with our mediator's office.

---

[2]　These appellees are Wyoming, North Dakota, Texas, Montana, Western Energy Alliance, and Independent Petroleum Association of America.



| | |
|---|---|
| 2016 | 2016 rule promulgated |
| 12/22/20 | Appeal filed |
| 1/25/21 | Appellants seek 30 day extension |
| 2/25/21 | Mediator gets extension |
| 3/11/21 | Mediator gets extension |
| 5/11/21 | Mediator gets extension |
| 7/1/21 | Mediator gets extension |
| 11/17/21 | Mediator gets extension |
| 1/19/22 | Mediator gets extension |
| 3/30/22 | Mediator gets extension |
| 6/3/22 | Mediator gets extension |
| 8/26/22 | Mediator gets extension |
| 10/11/22 | Mediator gets extension |
| 11/21/22 | Mediator gets extension |
| 1/6/23 | Mediator gets extension |
| 2/17/23 | Mediator gets extension |
| 4/27/23 | Mediator gets extension |
| 7/6/23 | Mediator gets extension |
| 8/25/23 | Mediator gets extension |
| 9/27/23 | Mediator gets extension |
| 11/1/23 | Mediator gets extension |
| 12/14/23 | Mediator gets extension |
| 2/15/24 | Mediator gets extension |
| 4/10/24 | Agency repeals and replaces the 2016 regulation |

Once mediation was ordered, the appellants' counsel had to continue participating in settlement discussions when directed by the mediator's office. Tenth Cir. R. 33.1(A)–(B).

The appellees state in a brief that the appellants bypassed their chance to tell the mediator that they wanted to proceed with briefing on the merits. But statements in a brief don't constitute evidence. *Am. Stores Co. v. Comm'r of Int. Rev.*, 170 F.3d 1267, 1271 (10th Cir. 1999). And we have

no way of knowing what the appellants may have told the mediator because the talks would have been confidential. *See* Tenth Cir. R. 33.1(D) ("Statements made during the conference and in related discussions, and any records of those statements, are confidential and must not be disclosed by anyone . . . to anyone not participating in the mediation process.").[3]

Finally, the appellees argue that even if we vacate the judgment, we should leave the district court's ruling intact. But we haven't done that before. Instead, when a case has become moot on appeal, we have vacated both the district court's judgment and related rulings. *See Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213–14 (10th Cir. 2005) (vacating the judgment "and related interlocutory rulings"); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (vacating the judgment, "findings of fact and conclusions of law," and memorandum opinions and orders). By vacating the ruling, we "clear[] the path for future relitigation of the issues between the parties" and prevent the ruling from "spawning any legal consequences." *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996) (quotation marks & citation omitted).

---

[3]    Even if the appellants' participation in mediation might have contributed to the delay, "[t]his is clearly not a case in which a [party] has manipulated the judicial process by deliberately aborting appellate review to avoid a decision on the merits." *McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996).

The appellees argue that the district court's ruling should remain as persuasive authority. But vacatur does not remove the ruling from the public record: practitioners and courts may continue to consult the district court's ruling for its potential value as persuasive authority. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (stating that vacated opinions remain "on the books" for consultation of their reasoning (quoting *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 354 (D.C. Cir. 1957))); *Crowson v. Washington Cnty., Utah*, 983 F.3d 1166, 1187 n.10 (10th Cir. 2020) (persuasive value of vacated opinions).

So we dismiss the appeals and vacate both the district court's ruling and the judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge
