**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DINE CITIZENS AGAINST
RUINING OUR ENVIRONMENT;
SAN JUAN CITIZENS ALLIANCE;
SIERRA CLUB; CENTER FOR
BIOLOGICAL DIVERSITY;
AMIGOS BRAVOS,

      Plaintiffs - Appellees,

v.

UNITED STATES OFFICE OF
SURFACE MINING RECLAMATION
AND ENFORCEMENT, an agency
within the U.S. Department of the
Interior; SALLY JEWELL, in her
official capacity as Secretary of the
Interior; AL KLEIN, in his official
capacity as Regional Director of the
U.S. Offices of Surface Mining
Reclamation and Enforcement,
Western Region; BOB POSTLE, in his
official capacity as Manager of the
Program Support Division for the
Western Region of the Office of
Surface Mining Reclamation and
Enforcement; RICK WILLIAMSON,
in his official capacity as Manager of
the Indian Programs Branch of the
Western Region of the Office of
Surface Mining Reclamation and
Enforcement; MYCHAL
YELLOWMAN, in his official
capacity as Navajo Mine Team Leader
in the Office of Surface Mining
Reclamation and Enforcement,

No. 15-1126
(D.C. No. 1:12-CV-01275-JLK)
(D. Colo.)

Defendants.

----------------------------

THE NAVAJO TRANSITIONAL
ENERGY COMPANY, LLC,

      Intervenor Defendant -
      Appellant,

and

THE NAVAJO NATION,

      Intervenor Defendant.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MATHESON**, and **MORITZ**, Circuit Judges.[**]

---

A recitation of the facts in this case is unnecessary, as the parties are familiar with them. Both parties agree we lack jurisdiction to hear this appeal, though for different reasons. The Intervenor Defendant-Appellant maintains that this case is constitutionally moot. The Plaintiffs-Appellees argue instead that we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

cannot reach the mootness issue because the district court's remand was not a final decision, see 28 U.S.C. § 1291, nor had the practical effect of an injunction, see 28 U.S.C. § 1292(a)(1).  We are not so constrained and may dismiss on any jurisdictional ground.  Cf. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999); Boyce v. Ashcroft, 268 F.3d 953, 955 (10th Cir. 2001) ("Although the court may have discretion to decide subject matter jurisdiction before reaching the issue of mootness, however, we find no reason to do so in this case.  The matter is unquestionably moot.  The court therefore vacates its judgment and remands to the district court with directions to vacate its judgment as moot.").

Pending this appeal, the Office of Surface Mining Reclamation and Enforcement, in accordance with the district court's remand, issued a Revised Environmental Assessment and Finding of No New Significant Impact as well as re-approved the permit revision.  Aplt. Notice of Supp. Auth.  Because this case now lacks a live case or controversy, we lack subject matter jurisdiction.  New Mexico ex rel. Richardson v. Bureau of Land Mgmt., 565 F.3d 683, 701 (10th Cir. 2009).  Therefore, we dismiss the appeal as constitutionally moot and vacate the district court's March 2, 2015 opinion and order (Doc. 79), its April 6, 2015 remedies order (Doc. 83), and its Final Judgment (Doc. 86).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -