**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILDEARTH GUARDIANS,

    Plaintiff - Appellee,

v.

UNITED STATES OFFICE OF
SURFACE MINING RECLAMATION
AND ENFORCEMENT; AL KLEIN, in
his official capacity as Western Regional
Director of the Office of Surface Mining,
Reclamation and Enforcement, Denver,
Colorado; S.M.R. JEWELL, in her official
capacity as U.S. Secretary of the Interior,

    Defendants,

v.

COLOWYO COAL COMPANY, L.P.,

    Intervenor Defendant - Appellant,

and

TRAPPER MINING, INC.,

    Intervenor Defendant - Appellant.

Nos. 15-1186 and 15-1236
(D.C. No. 1:13-CV-00518-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and

_____

Before **McHUGH**, **EBEL**, and **MORITZ**, Circuit Judges.

_____

WildEarth Guardians brought suit against the United States Office of Surface Mining Reclamation and Enforcement (OSM), challenging OSM's approval of certain mining plan modifications for mines owned by intervenor-defendants Colowyo Coal Company, L.P., and Trapper Mining, Inc. Specifically, WildEarth alleged that OSM violated the National Environmental Protection Act (NEPA) by failing to involve the public in its approval processes and by failing to take a hard look at the modifications' environmental impacts. The district court agreed and remanded the matters to OSM with directions to comply with NEPA.[1] Colowyo and Trapper initiated separate appeals, which we later consolidated.

While the appeals were pending, however, OSM completed its remedial NEPA analyses and reapproved both mining plan modifications. WildEarth thus argues the appeals are now moot, depriving this court of subject-matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109-10 (10th Cir. 2010). Colowyo and Trapper disagree. They allege that OSM's subsequent approvals reset the statute of limitations for third-party attacks, and that OSM imposed

collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] The district court initially took no remedial action regarding the Trapper Mine in light of the court's mistaken belief that Trapper already mined all of the coal covered under its mining plan modification. Trapper later corrected this misunderstanding, and the district court subsequently approved the parties' joint proposal indicating that OSM would conduct a remedial NEPA analysis for the Trapper Mine as well.

conditions during the reapproval processes that adversely affect their lease rights and require them to fund downstream studies. Thus, they argue they suffer a "concrete ongoing injury" as a result of the reapproved modifications and that the appeals are, therefore, not moot. *Id.* at 1112.

But the only issue before us in these appeals is whether OSM violated the prescribed NEPA procedure in approving the now-superseded mining plan modifications. And "any determination we might make as to the procedural foundations of the old [mining plan modification approvals]" would have no real-world effect "because the analytical and procedural aspects of the [old approvals] have been superseded by the new analysis and procedure underlying the new [approvals]." *Wyoming v. U.S. Dep't of Interior*, 674 F.3d 1220, 1230 (10th Cir. 2012) (citing *Rio Grande Silvery Minnow*, 601 F.3d at 1112); *see Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005) (concluding that appeal was moot because (1) agency promulgated a rule superseding challenged rule and thus the "portions of the [original rule] that were substantively challenged by [the appellant] no longer exist[ed]"; and (2) original rule's alleged procedural deficiencies were "irrelevant because the replacement rule was promulgated in a new and separate rulemaking process").

Nor do these appeals fall into the "capable of repetition, yet evading review exception" to our general mootness rule. *U.S. Dep't of Interior*, 674 F.3d at 1229. Under that "narrow" exception, *see Jordan v. Sosa*, 654 F.3d 1012, 1034-35 (10th Cir. 2011), we may exercise jurisdiction over a seemingly moot appeal if the party

3

asserting that the exception applies establishes that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (emphasis added) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)); *see Jordan*, 654 F.3d at 1035.

Here, Colowyo and Trapper fail to establish even the first of these two requirements. Specifically, they fail to demonstrate that the nature of their challenge—i.e., an appeal during the pendency of a remedial NEPA review—is "*necessarily* of short duration," *U.S. Dep't of Interior*, 674 F.3d at 1229 (quoting *Jordan*, 654 F.3d at 1036), or that it is one that "*by its very nature* could not, or probably would not be able to be adjudicated while fully 'live,'" *id.* (quoting *Dow Chem. Co. v. EPA*, 605 F.2d 673, 678 n.12 (3d Cir. 1979)). Although OSM completed both of its remedial NEPA analyses rather expediently here, there is nothing inherent about NEPA analyses that "makes them necessarily of short duration." *Id.* We thus decline to apply this narrow exception here.

Because we lack subject-matter jurisdiction over these appeals, *Rio Grande Silvery Minnow*, 601 F.3d at 1109; *U.S. Dep't of Agric.*, 414 F.3d at 1212, we dismiss both appeals as moot and vacate the district court's May 8, 2015 Order (Doc. 78), and its May 8, 2015 Final Judgment (Doc. 79). *See Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (explaining that "we normally . . . vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the

4

parties'" (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950))); *Dine Citizens Against Ruining Our Env't v. U.S. Office of Surface Mining Reclamation & Enf't*, No. 15-1126, 2016 WL 1237955, at *1 (10th Cir. Mar. 20, 2016) (unpublished) (vacating judgment below after dismissing appeal as moot when OSM conducted remedial NEPA analysis and reapproved mine's permit revision while appeal was pending).

Entered for the Court

Nancy L. Moritz
Circuit Judge

5