ORDER PER CURIAM Upon consideration of appellee’s petition for rehearing en banc and the supplements thereto, the response to the petition and the supplement to the response, the corrected brief for amici curiae States of New York, California, Connecticut, Delaware, Hawaii, Illinois, Iowa, Maine, Massachusetts, Oregon, Pennsylvania, Vermont, and Washington-; and the District of Columbia in support of appellee’s petition, and the vote in favor of the petition by a majority of the judges eligible to participate; and appellee’s motion to recall the mandate and petition for en banc consideration of appellee’s motion to recall the mandate, it is ORDERED that the mandate be recalled. The Clerk of the district court is directed to return forthwith the mandate issued October 20, 2017. It is FURTHER ORDERED that appellee’s petition for rehearing en banc be granted. This case has been considered by the court sitting en banc without oral argument, no judge having requested oral argument. It is FURTHER ORDERED that the order filed October 20, 2017 be vacated, except that the. administrative stay remains dissolved. It is FURTHER ORDERED that appellants’ emergency motion for stay pending appeal be denied because appellants have not met the stringent requirements for a stay pending appeal, see Nken v. Holder, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009), substantially for the reasons set forth in the October 20, 2017 dissenting statement of Circuit Judge Mil-lett.[1] The case is hereby remanded to the district court for further proceedings to amend the effective dates in paragraph 1 of its injunction. The dates in paragraph 1 have now passed, and the parties have proffered new evidence and factual assertions concerning the expected duration of custody and other matters. The district court is best suited to promptly determine in the first instance the appropriate dates for compliance with the injunction. In so doing, the district court retains full discretion to conduct proceedings and make any factual findings deemed necessary and appropriate to the district court’s exercise of its equitable judgment, consistent with this order, including with regard to any of the factual disputes that were raised for the first time on appeal. See Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 330-31, 126 S.Ct. 961, 163 L.Ed.2d 812 (2006); Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 305 (D.C. Cir. 2006). . As both parties agree, the court has jurisdiction over this appeal because the district court's temporary restraining order was more akin to preliminary injunctive relief and is therefore appealable under 28 U.S.C. § 1292(a)(1). See Sampson v. Murray, 415 U.S. 61, 86 n.58, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974).