# SUPREME COURT OF THE UNITED STATES

ALEX M. AZAR, II, SECRETARY OF HEALTH AND
HUMAN SERVICES, ET AL. *v.* ROCHELLE
GARZA, AS GUARDIAN AD LITEM TO
UNACCOMPANIED MINOR J. D.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE DISTRICT
OF COLUMBIA CIRCUIT

No. 17–654.   Decided June 4, 2018

PER CURIAM.

Jane Doe, a minor, was eight weeks pregnant when she unlawfully crossed the border into the United States. She was detained and placed into the custody of the Office of Refugee Resettlement (ORR), part of the Department of Health and Human Services. ORR placed her in a federally funded shelter in Texas. After an initial medical examination, Doe requested an abortion. But ORR did not allow Doe to go to an abortion clinic. Absent "emergency medical situations," ORR policy prohibits shelter personnel from "taking any action that facilitates an abortion without direction and approval from the Director of ORR." Plaintiff's Application for TRO and Motion for Preliminary Injunction in *Garza* v. *Hargan*, No. 17–cv–2122 (D DC), Dkt. No. 3–5, p. 2 (decl. of Brigitte Amiri, Exh. A). According to the Government, a minor may "le[ave] government custody by seeking voluntary departure, or by working with the government to identify a suitable sponsor who could take custody of her in the United States." Pet. for Cert. 18; see also 8 U. S. C. §1229c; 8 CFR §§236.3, 1240.26 (2018).

Respondent Rochelle Garza, Doe's guardian ad litem, filed a putative class action on behalf of Doe and "all other pregnant unaccompanied minors in ORR custody" challenging the constitutionality of ORR's policy. Complaint

in *Garza* v. *Hargan*, No. 17–cv–2122 (D DC), Dkt. No. 1,
p. 11. On October 18, 2017, the District Court issued a
temporary restraining order allowing Doe to obtain an
abortion immediately. On October 19, Doe attended pre-
abortion counseling, required by Texas law to occur at
least 24 hours in advance with the same doctor who per-
forms the abortion. The clinic she visited typically rotated
physicians on a weekly basis.

The next day, a panel of the Court of Appeals for the
District of Columbia Circuit vacated the relevant portions
of the temporary restraining order. Noting that the Gov-
ernment had assumed for purposes of this case that Doe
had a constitutional right to an abortion, the panel con-
cluded that ORR's policy was not an "undue burden,"
*Planned Parenthood of Southeastern Pa.* v. *Casey*, 505
U. S. 833, 876 (1992) (plurality opinion).

Four days later, on October 24, the Court of Appeals,
sitting en banc, vacated the panel order and remanded the
case to the District Court. *Garza* v. *Hargan*, 874 F. 3d
735, 735–736 (CADC 2017). The same day, Garza sought
an amended restraining order. Garza's lawyers asked the
District Court to order the Government to make Doe
available "in order to obtain the counseling required by
state law and to obtain the abortion procedure." Pet. for
Cert. 12 (emphasis deleted). The District Court agreed
and ordered the Government to act accordingly. Doe's
representatives scheduled an appointment for the next
morning and arranged for Doe to be transported to the
clinic on October 25 at 7:30 a.m.

The Government planned to ask this Court for emer-
gency review of the en banc order. Believing the abortion
would not take place until October 26 after Doe had re-
peated the state-required counseling with a new doctor,
the Government informed opposing counsel and this Court
that it would file a stay application early on the morning
of October 25. The details are disputed, but sometime

over the course of the night both the time and nature of the appointment were changed. The doctor who had performed Doe's earlier counseling was available to perform the abortion after all and the 7:30 a.m. appointment was moved to 4:15 a.m. At 10 a.m., Garza's lawyers informed the Government that Doe "had the abortion this morning." *Id.*, at 15 (internal quotation marks omitted). The abortion rendered the relevant claim moot, so the Government did not file its emergency stay application. Instead, the Government filed this petition for certiorari.

When "a civil case from a court in the federal system . . . has become moot while on its way here," this Court's "established practice" is "to reverse or vacate the judgment below and remand with a direction to dismiss." *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39 (1950). Because this practice is rooted in equity, the decision whether to vacate turns on "the conditions and circumstances of the particular case." *United States* v. *Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft*, 239 U. S. 466, 478 (1916). One clear example where "[v]acatur is in order" is "when mootness occurs through . . . the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Official English* v. *Arizona*, 520 U. S. 43, 71–72 (1997) (quoting *U. S. Bancorp Mortgage Co.* v. *Bonner Mall Partnership*, 513 U. S. 18, 23 (1994)). "'It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment.'" 520 U. S., at 75 (alterations omitted).

The litigation over Doe's temporary restraining order falls squarely within the Court's established practice. Doe's individual claim for injunctive relief—the only claim addressed by the D. C. Circuit—became moot after the abortion. It is undisputed that Garza and her lawyers prevailed in the D. C. Circuit, took voluntary, unilateral action to have Doe undergo an abortion sooner than ini-

tially expected, and thus retained the benefit of that favorable judgment. And although not every moot case will warrant vacatur, the fact that the relevant claim here became moot before certiorari does not limit this Court's discretion. See, *e.g., LG Electronics, Inc.* v. *InterDigital Communications, LLC*, 572 U. S. ___ (2014) (after the certiorari petition was filed, respondents withdrew the complaint they filed with the International Trade Commission); *United States* v. *Samish Indian Nation*, 568 U. S. 936 (2012) (after the certiorari petition was filed, respondent voluntarily dismissed its claim in the Court of Federal Claims); *Eisai Co.* v. *Teva Pharmaceuticals USA, Inc.*, 564 U. S. 1001 (2011) (before the certiorari petition was filed, respondent's competitor began selling the drug at issue, which was the relief that respondent had sought); *Indiana State Police Pension Trust* v. *Chrysler LLC*, 558 U. S. 1087 (2009) (before the certiorari petition was filed, respondent completed a court-approved sale of assets, which mooted the appeal). The unique circumstances of this case and the balance of equities weigh in favor of vacatur.

The Government also suggests that opposing counsel made "what appear to be material misrepresentations and omissions" that were "designed to thwart this Court's review." Pet. for Cert. 26. Respondent says this suggestion is "baseless." Brief in Opposition 23. The Court takes allegations like those the Government makes here seriously, for ethical rules are necessary to the maintenance of a culture of civility and mutual trust within the legal profession. On the one hand, all attorneys must remain aware of the principle that zealous advocacy does not displace their obligations as officers of the court. Especially in fast-paced, emergency proceedings like those at issue here, it is critical that lawyers and courts alike be able to rely on one another's representations. On the other hand, lawyers also have ethical obligations to their clients and

Per Curiam

not all communication breakdowns constitute misconduct. The Court need not delve into the factual disputes raised by the parties in order to answer the *Munsingwear* question here.

The petition for a writ of certiorari is granted. The Court vacates the en banc order and remands the case to the United States Court of Appeals for the District of Columbia Circuit with instructions to direct the District Court to dismiss the relevant individual claim for injunctive relief as moot. See *Munsingwear*, *supra*.

*It is so ordered.*