**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STATE OF WYOMING; STATE OF
MONTANA,

      Petitioners - Appellees,

and

WESTERN ENERGY ALLIANCE;
INDEPENDENT PETROLEUM
ASSOCIATION OF AMERICA,

      Consolidated Petitioners - Appellees,

and

STATE OF NORTH DAKOTA; STATE
OF TEXAS,

      Intervenors Petitioners - Appellees,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; DAVID
BERNHARDT,[*] in his official capacity as
United States Department of Interior
Secretary; UNITED STATES BUREAU
OF LAND MANAGEMENT; MICHAEL
D. NEDD, in his official capacity as Acting
Director of the Bureau of Land
Management,

      Respondents - Appellees.

and

WYOMING OUTDOOR COUNCIL;

Nos. 18-8027 & 18-8029
(D.C. Nos. 2:16-CV-00285-SWS and
2:16-CV-00280-SWS)
(D. Wyo.)

CENTER FOR BIOLOGICAL
DIVERSITY; CITIZENS FOR A
HEALTHY COMMUNITY; DINE
CITIZENS AGAINST RUINING OUR
ENVIRONMENT; EARTHWORKS;
ENVIRONMENTAL DEFENSE FUND;
ENVIRONMENTAL LAW AND POLICY
CENTER; MONTANA
ENVIRONMENTAL INFORMATION
CENTER; NATIONAL WILDLIFE
FEDERATION; NATURAL
RESOURCES DEFENSE COUNCIL;
SAN JUAN CITIZENS ALLIANCE;
SIERRA CLUB; WILDERNESS
SOCIETY; WESTERN ORGANIZATION
OF RESOURCE COUNCILS;
WILDERNESS WORKSHOP;
WILDEARTH GUARDIANS,

   Intervenors Respondents - Appellants,

and

STATE OF CALIFORNIA; STATE OF
NEW MEXICO,

   Intervenors Respondents - Appellants.

_____

**ORDER AND JUDGMENT**[**]

_____

_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), David Bernhardt is substituted for Ryan Zinke.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

Before **LUCERO**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

These consolidated appeals seek review of a district court order enjoining Bureau of Land Management ("BLM") regulations pending finalization of a replacement rule. While the appeals were pending, the new rule issued. We dismiss the appeals as moot and vacate the district court's order.

**I**

In November 2016, BLM promulgated the Waste Prevention, Production Subject to Royalties, and Resource Conservation Rule, 81 Fed. Reg. 83,008 (Nov. 18, 2016) (the "Waste Prevention Rule"). The Rule restricted venting and flaring of natural gas wells, and imposed record-keeping and equipment requirements. The Rule became effective in January 2017, but extended compliance dates for certain requirements by several years. See id. at 83,008, 83,023-25. Two groups of plaintiffs challenged the regulation in Wyoming federal district court: (1) the States of Wyoming and Montana; and (2) the Western Energy Alliance ("WEA") and the Independent Petroleum Association of America ("IPAA"). Their petitions for review were consolidated. The States of North Dakota and Texas intervened as petitioners, and the States of California and New Mexico intervened as respondents. Numerous environmental groups also intervened as respondents.

The district court denied petitioners' motions for a preliminary injunction in January 2017. Shortly thereafter, the President issued an executive order calling on the Secretary of the Interior to review certain energy regulations. Exec. Order No.

13,783, § 1(c), 82 Fed. Reg. 16,093 (Mar. 28, 2017). BLM then postponed compliance dates for the Waste Prevention Rule. Waste Prevention, Production Subject to Royalties, and Resource Conservation; Postponement of Certain Compliance Dates, 82 Fed. Reg. 27,430 (June 15, 2017). In October 2017, however, a federal district court vacated the postponement for violating the Administrative Procedure Act. California v. BLM, 277 F. Supp. 3d 1106, 1125-27 (N.D. Cal. 2017).

In December 2017, BLM suspended the Waste Prevention Rule for one year. Waste Prevention, Production Subject to Royalties, and Resource Conservation; Delay and Suspension of Certain Requirements, 82 Fed. Reg. 58,050, 58,051 (Dec. 8, 2017) (the "Suspension Rule"). A district court granted a preliminary injunction enjoining the Suspension Rule, and reinstated the Waste Prevention Rule in February 2018. California v. BLM, 286 F. Supp. 3d 1054, 1058 (N.D. Cal. 2018). On the same day, BLM proposed a rule to rescind the Waste Prevention Rule, initiating the notice-and-comment rulemaking process. Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements, 83 Fed. Reg. 7924 (Feb. 22, 2018).

The district court in this case then enjoined portions of the Waste Prevention Rule and stayed the matter pending finalization of the new rule. California and New Mexico filed a notice of appeal from this order, as did the environmental groups. We consolidated the two appeals. A panel of this court denied two sets of motions, one to dismiss the appeals for lack of jurisdiction and one to stay the district court order pending appeal. We concluded the district court order, labeled a "stay," was in effect

4

an injunction subject to immediate appeal under 28 U.S.C. § 1292(a)(1).  We further held that appellants had not demonstrated that a stay pending appeal would be appropriate.

After the Opening and Answer Briefs were filed, BLM published its new rule.  Waste Prevention, Production Subject to Royalties, and Resource Conservation; Rescission or Revision of Certain Requirements, 83 Fed. Reg. 49,184 (Sept. 22, 2018) (the "Revision Rule").  The Revision Rule became effective on November 27, 2018.  Id. at 49,184.  It rescinds many of the Waste Prevention Rule's requirements and alters others.  Id.

## II

The federal appellees moved to dismiss the consolidated appeals as moot.  "Under Article III of the Constitution, the power of the federal courts extends only to actual, ongoing cases or controversies."  Wyoming v. U.S. Dep't of Agric., 414 F.3d 1207, 1211 (10th Cir. 2005) (quotation omitted) ("Wyoming I").  In determining whether a case is moot, "[t]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world."  Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000) (quotation and alteration omitted).

As we previously held, "[b]y eliminating the issues upon which this case is based, adoption of [a] new rule . . . render[s] the appeal moot."  Wyoming I, 414 F.3d at 1212; see also Akiachak Native Cmty. v. U.S. Dep't of the Interior, 827 F.3d 100, 113-14 (D.C. Cir. 2016) ("[W]hen an agency has rescinded and replaced a challenged

5

regulation, litigation over the legality of the original regulation becomes moot."). Any decision we might issue in these interlocutory appeals would have no real-world effect because the rules the district court enjoined have been replaced.[1]

Neither exception to the mootness doctrine applies. First, for an action to be exempt from mootness challenges as "capable of repetition, yet evading review," two requirements must be met: (1) the challenged action will expire before it can be fully litigated; and (2) there is a reasonable expectation that the complaining party will be subjected to the same action again. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 481 (1990). In the unlikely event that the Waste Prevention Rule were to be re-promulgated and re-enjoined, challenges to those occurrences could be litigated to completion before the rule was replaced. See Wyoming I, 414 F.3d at 1212 (noting that if a rule "were to reappear in the future, there would be ample opportunity to challenge the rule before it ceased to exist"). Second, the exception to mootness arising from the voluntary cessation of challenged conduct does not apply "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1115 (10th Cir. 2010). And in light of BLM's repeated efforts to revise or rescind the Waste Prevention Rule, it is abundantly clear that BLM did not promulgate the Revision Rule to moot these interlocutory appeals. See Wyoming I, 414 F.3d at 1212

---

[1] Each of the regulatory provisions enjoined by the district court were eliminated or revised by the Revision Rule. See 83 Fed. Reg. at 49,190, 49,192-93, 49,204.

6

(stating that change in rule "merely reflects the government's discontent with the rule itself" rather than an attempt to manipulate the judicial process).

Although the parties agree that the appeals are moot, they disagree as to the precise disposition that should follow. The federal appellees argue that we should simply dismiss. The appellants argue that we should dismiss the appeals, vacate the district court's stay order, and instruct the district court to dismiss the entire case as moot.

In appeals from final orders, we generally vacate a district court order "when mootness results from unilateral action of the party who prevailed below" or "by the vagaries of circumstance." U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994) (applying the standard set forth in United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)). We have previously stated that "[i]n the case of interlocutory appeals the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." Fleming v. Gutierrez, 785 F.3d 442, 449 (10th Cir. 2015) (quotation and alteration omitted); see also Serv. Emps. Int'l Union Local 1 v. Husted, 531 F. App'x 755 (6th Cir. 2013) (unpublished) (collecting cases from four other circuits dismissing appeals as moot without vacating the appealed orders). However, the Supreme Court recently applied the Munsingwear standard to vacate on interlocutory review an order rendered moot. See Azar v. Garza, 138 S. Ct. 1790, 1792 (2018) (per curiam). And although "[b]y its terms, Munsingwear applies to final judgments," this court has "applied its rationale to vacate interlocutory decisions." Rio Grande Silvery Minnow, 601 F.3d at 1132.

7

"[T]he decision whether to vacate turns on the conditions and circumstances of the particular case." Garza, 138 S. Ct. at 1792 (quotation omitted). And we conclude that vacatur is the appropriate course in this case. The appellants, the parties urging vacatur, played no role in rendering the appeals moot. See Rio Grande Silvery Minnow, 601 F.3d at 1129 (noting that "if the party seeking vacatur has caused mootness, generally we do not order vacatur"). Instead, mootness resulted from the actions of the federal appellees. We also note that a portion of the district court order under review lacks a temporal limit. Although it stayed litigation "pending finalization or withdrawal of the proposed Revision Rule," the order did not contain an express date on which the injunction terminates. To avoid any potential confusion, the order should be vacated.

The WEA and IPAA argue this court should vacate the Waste Prevention Rule itself. But the cases they cite refer to quasi-judicial administrative orders that by nature govern only the parties involved, not widely applicable notice-and-comment rules such as the Waste Prevention Rule. See, e.g., A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 329-31 (1961); Am. Family Life Assurance Co. of Columbus v. Fed. Commc'n Comm'n, 129 F.3d 625, 630 (D.C. Cir. 1997). "Review of a quasi-administrative rule presents considerations different from review of adjudicatory proceedings." Wright & Miller, 13C Fed. Prac. & Proc. Juris. § 3533.10.3 (3d ed.). We are not directed to any cases in which a court has vacated a rule because an interlocutory appeal in a case challenging components of that rule became moot. See Carpenters Indus. Council v. Salazar, 734 F. Supp. 2d 126, 135

8

(D.D.C. 2010) ("[T]his Court is not persuaded that it has the authority to order vacatur of the 2008 Critical Habitat Designation without an independent determination that the [agency's] action was not in accordance with the law."). And because the Revision Rule did not eliminate all requirements of the Waste Prevention Rule, see 83 Fed. Reg. at 49,204, vacatur of the entire Waste Prevention Rule is inappropriate. See Chamber of Commerce of the U.S. v. E.P.A., 642 F.3d 192, 211 (D.C. Cir. 2011) (declining to vacate an administrative action because that action is "not unreviewable; it is only the challenge brought . . . in this case that is beyond our authority to review").

In addition to the dispute regarding vacatur, the parties contest whether this court should remand with instructions to dismiss the entire case. As noted above, adoption of a new rule typically moots a challenge to its predecessor. Wyoming I, 414 F.3d at 1212; Akiachak Native Cmty., 827 F.3d at 113-14. However, the Revision Rule states that it "removes almost all of the requirements in the [Waste Prevention] [R]ule that [BLM] previously estimated would pose a compliance burden to operators and generate benefits of gas savings." 83 Fed. Reg. at 49,204 (emphasis added). We do not see any harm in allowing the district court to decide in the first instance whether the entire case is moot given that the district court is more acquainted with the overall claims and issues. See Fleming, 785 F.3d at 446 & n.5 ("[I]t remains for the district court to determine on remand whether any claims for relief . . . remain pending.").

### III

For the foregoing reasons, we **GRANT** the federal appellees' motion to dismiss, **VACATE** the district court's order, and **DISMISS** these appeals as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge