RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0056p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RADIANT GLOBAL LOGISTICS, INC., a Washington corporation,

*Plaintiff-Appellee*,

*v.*

No. 19-1297

CHARLES FURSTENAU, JR., an individual and Michigan resident; BTX AIR EXPRESS OF DETROIT, LLC, a Connecticut limited liability company,

*Defendants-Appellants*.

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:18-cv-12783—Paul D. Borman, District Judge.

Argued:  December 3, 2019

Decided and Filed:  February 25, 2020

Before:  MOORE, CLAY, and SUTTON, Circuit Judges.

---

## COUNSEL

**ARGUED:**  Andrew F. Marquis, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, Detroit, Michigan, for Appellants. Patrick F. Hickey, HICKEY HAUCK BISHOFF & JEFFERS, PLLC, Detroit, Michigan, for Appellee.  **ON BRIEF:**  Andrew F. Marquis, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, Detroit, Michigan, Kurt M. Kobiljak, PENTIUK, COUVREUR & KOBILJAK, PC, Wyandotte, Michigan, for Appellants. Patrick F. Hickey, Benjamin W. Jeffers, Stefanie R. Reagan, HICKEY HAUCK BISHOFF & JEFFERS, PLLC, Detroit, Michigan, for Appellee.

The court delivered a PER CURIAM opinion.  SUTTON, J. (pg. 6), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

PER CURIAM.    Charles Furstenau managed the Detroit office of Radiant Global Logistics.  When he joined a competitor, Radiant sued him for misappropriation of trade secrets, seeking a preliminary injunction against Furstenau and his new logistics company, BTX Detroit. The district court granted Radiant's request, enjoining Furstenau and other former Radiant employees from using Radiant's trade secrets, and from contacting certain customers and carriers for a six-month period.  The six-month requirements have come and gone.  We dismiss the appeal as moot.

Radiant is a third-party logistics company.  It helps customers move things from one point to another, using other companies to provide the shipping services.  Furstenau was the manager of Radiant's Detroit office.  He became frustrated with the company over his pay and its use of a new software system.  In February 2018, he reached out to one of Radiant's competitors, BTX Logistics, about joining them as the head of a new BTX office in Detroit. Furstenau prepared a business plan and budget for the new office and provided a list of employees who would join him.  During the months before the move, he allegedly forwarded emails from his Radiant account to his personal account with data on revenues, profit margins, costs, and financial projections, as well as information about shipments the office handled, and a spreadsheet showing Radiant's preferred shippers.

In late August, Furstenau left Radiant on a Friday and opened BTX Detroit the next Monday.  Most of the other Radiant employees in Detroit joined him that day or soon after.

Radiant sued Furstenau and BTX for misappropriation of trade secrets.  A week later, Radiant moved for a preliminary injunction.  After expedited discovery and a two-day hearing, the district court granted Radiant's request.  Furstenau and the other former Radiant employees who had joined BTX were preliminarily enjoined from (1) contacting certain customers and carriers they had worked with at Radiant for a period of six months and (2) from "disclosing

and/or using any Radiant confidential information and/or trade secret information" for an indefinite period.  R. 52 at 44–45.

BTX appealed and sought to stay the preliminary injunction while the appeal was pending.  This court denied the stay request.  That meant the six-month contact restrictions ran their course and expired.  BTX did not object to the trade-secret restriction of the injunction.

Article III of the United States Constitution limits the federal judicial power to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Under this requirement, parties invoking the jurisdiction of federal courts must show that they have a "legally cognizable interest" at stake in the outcome.  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).  This "cradle-to-grave" requirement must be satisfied through the life of the dispute.  *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011).  If during litigation the claimant loses a personal stake in the outcome, or it becomes "impossible for the court to grant" meaningful relief, there is no longer a case or controversy and we must dismiss the case as moot.  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Measured by these principles, this appeal is moot.  The six-month noncompete restrictions expired in August, and today "require[] nothing of" and "mean[] nothing to" BTX.  *Fialka-Feldman*, 639 F.3d at 714.  We cannot turn back the clock on the preliminary injunction and thus have no way to grant relief as to that part of the order.  That makes BTX's challenge to these terms moot.  *Id.*; *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 397–78 (1981).

That leaves the injunction's ongoing restriction on the use of Radiant's trade secrets.  But BTX never objected to that part of the preliminary injunction.  Any potential fight over that part of the injunction is not a live case or controversy either.  *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 20–21, 25–26 (1994).

BTX tries to poke holes in this conclusion.  It claims that a mootness exception applies—that the dispute is "capable of repetition, yet evading review."  *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).  But this narrow exception applies to disputes that by their nature will become moot before litigation runs its course, such as a college graduation date, and thus are "likely forever" to evade appellate review.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481–82 (1990).  In this

case, a live controversy remains as to the merits of Radiant's claims, and so BTX would still have the opportunity for its day in court—including this court—once the district court enters a final judgment.  There is nothing about trade secret claims in general, or about this trade secret claim in particular, that would stand in the way of eventual appellate review.

BTX worries whether the preliminary injunction covers "something more than the emails at issue," including the knowledge inside their employees' heads.  BTX Supp. Br. 5–6.  Having chosen not to challenge that part of the injunction, it must ask the district court whether there is anything to its fears.  That said, the district court noted that "the general knowledge of an employee does not constitute a trade secret."  R. 52 at 21.

BTX also notes that the district court, at one point in the order, said that the parties should "continue with discovery."  *Id.* at 45.  But that sentence relates to discovery in preparation for an eventual trial on the merits, not the preliminary injunction phase of the case.  Such discovery orders cannot be challenged on an interlocutory appeal.  *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (noting that generally there can be no interlocutory appeal from an adverse discovery order); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) (same).

This leaves one final remedial matter.  Must we vacate the district court's order as part of our mootness resolution, or may we simply dismiss the appeal for want of jurisdiction and leave the district court's order untouched?  BTX argues for the former, Radiant the latter.

We agree with Radiant and decline to vacate the district court's order.  For one, vacatur is an equitable remedy subject to the strictures of waiver and forfeiture.  *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950).  And here, BTX did not even request vacatur until after oral argument and so plainly "slept on its rights," to its detriment.  *Id*. at 41.  Moreover, even if BTX hadn't forfeited its right to request vacatur, vacatur still would be inappropriate under the circumstances.  Vacatur exists to protect a losing litigant from having "to live with the precedential and preclusive effects of [an] adverse ruling without having had a chance to appeal it."  *Fialka-Feldman*, 639 F.3d at 716.  But as Judge Posner has explained, this concern matters little when the mooted appeal is of a preliminary injunction in an ongoing

litigation—as is the case here—because "[a] preliminary injunction has no preclusive effect—no formal effect at all—on the judge's decision whether to issue a permanent injunction." *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 202 (7th Cir. 1984); *see also Fleming v. Gutierrez*, 785 F.3d 442, 448–49 (10th Cir. 2015) (describing dismissal without vacatur as "the usual practice" in the preliminary-injunction context); 13C Charles Alan Wright, et al., Federal Practice and Procedure § 3533.10.3 (3d ed. 2019) (same). This conclusion holds especially true when the prevailing party did nothing to cause the mootness on appeal, as is also the case here. *Cf. Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (per curiam) (vacating a temporary restraining order when the prevailing party took "voluntary action that moot[ed] the [underlying] dispute" (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997))).

For these reasons, we dismiss the appeal for lack of jurisdiction. We express no view on the merits of the district court's decision or on Radiant's likelihood of success going forward.

---

**CONCURRENCE**

---

SUTTON, Circuit Judge, concurring.  I agree that this appeal is moot and that BTX forfeited its request for vacatur by failing to raise the issue in its appellate briefs.  But I would leave it at that.