NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0231n.06

No. 20-3024

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 04, 2021
DEBORAH S. HUNT, Clerk

TEAMSTERS LOCAL UNION NO. 1199,

    Plaintiff-Appellee,

v.

COCA-COLA CONSOLIDATED, INC.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF OHIO

OPINION

BEFORE: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

STRANCH, J., delivered the opinion of the court in which BATCHELDER, J., joined. NALBANDIAN, J. (pp. 7–12), delivered a separate dissenting opinion.

**JANE B. STRANCH, Circuit Judge.** Since at least 1965, a collective bargaining agreement (CBA) governed the relationship between the production, maintenance, and warehouse employees and the bottlers/distributors of Coca-Cola at various locations in the Greater Cincinnati area. In mid-2018, Coca-Cola Consolidated Inc. announced it would move the warehouse 16 miles away to Erlanger, Kentucky, later announcing that no rights under the CBA would apply there. Teamsters Local Union No. 1199 filed grievances under the grievance/arbitration provisions of the CBA but Consolidated denied the grievances and refused to arbitrate. The Union sued Consolidated alleging that it breached the CBA by refusing to recognize the Union at the new warehouse location. The district court denied injunctive relief, granted the Union's request to compel the parties to arbitrate, and denied Consolidated's motion to stay. Consolidated moved

our court to stay the arbitration. On the basis that the district court had jurisdiction to compel arbitration, we denied the motion. During this appeal, the National Labor Relations Board (NLRB) dismissed unfair labor practice charges previously brought against Consolidated by the Union. Consolidated then moved to dismiss this case and to remand with instructions to vacate the district court's order. For the reasons explained below, we **DISMISS** the appeal for lack of jurisdiction.

## I. BACKGROUND

### A. Facts

Since 2016, Coca-Cola Consolidated, Inc.'s bottling and distributing of soft drinks and other beverages has been located at 5100 Duck Creek Road in Cincinnati, Ohio. Teamsters Local Union No. 1199 is the exclusive bargaining agent for unit employees at the Duck Creek Facility. Since at least 1965, employees of the various companies operating the Duck Creek Facility have been unionized. Historically, as operations transitioned to a new company, the employees that the Union represented became employees of the new entity at its various locations and the CBA was adopted by the facility's new operator.

The Union and Consolidated are parties to a CBA effective from June 1, 2017 through May 31, 2021. The CBA contains a "recognition" clause that "recognizes the Union as its employees' sole collective bargaining unit agent with respect to hours of work, wages and other conditions of employment for all employees employed at [the Duck Creek Facility]." Since 1991, the Duck Creek Facility has been the only location to conduct warehouse operations. The CBA contains a grievance procedure that culminates in arbitration of unresolved grievance disputes.

In 2018, Consolidated announced its plan to relocate warehouse operations from the Duck Creek Facility to Erlanger, Kentucky. The Union filed grievances on behalf of its bargaining unit members asserting that Consolidated's refusal to apply the CBA covering the Duck Creek

warehouse employees to the Erlanger Facility was a violation of the contract. Consolidated denied the grievances and refused to arbitrate.

### B. Procedural History

The Union filed unfair labor practice charges with the NLRB, alleging that Consolidated violated Sections 8(a)(3) and (5) of the National Labor Relations Act (NLRA) by not applying the CBA to the Erlanger Facility, that the refusal to apply the contract was retaliatory and discriminatory, and that Consolidated violated Sections 8(a)(1) and (5) of the NLRA by refusing to recognize the Union as the exclusive representative of the employees at Erlanger as a separate unit after Consolidated hired a majority of the Erlanger workforce from among the Union-represented employees at Duck Creek.

After the grievances were denied by Consolidated, the Union sued Consolidated under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, requesting emergency injunctive relief pending arbitration and moving to compel arbitration. Consolidated moved to dismiss the Union's Amended Complaint, alleging that the relief sought by the Union was within the exclusive jurisdiction of the NLRB. Following full briefing by the parties, the district court denied the Union's request for injunctive relief, denied Consolidated's motion to dismiss for lack of jurisdiction, and exercised its jurisdiction to grant the Union's motion to compel arbitration. The district court also denied a subsequent motion by Consolidated to stay the order to arbitrate pending appeal or resolution of the NLRB proceedings. Consolidated appealed and filed in our court a motion to stay the district court's order compelling arbitration, again arguing that the district court did not have jurisdiction to compel arbitration. We denied the motion to stay and held that the district court had jurisdiction to compel arbitration.

While this appeal was pending, the NLRB dismissed the Union's unfair labor practice charges. Based on the NLRB's ruling, the Union withdrew its grievances related to the Erlanger

Facility. Thereafter, Consolidated moved to dismiss the appeal on the basis that the issue being litigated was moot and requested that we remand the case to the district court with instructions to vacate the order compelling the parties to arbitrate. The Union agrees that the decision of the NLRB renders its case moot but argues that the extraordinary remedy of vacatur is not appropriate because Consolidated has not carried its burden to show equitable entitlement to vacatur. The issue has been fully briefed by the parties.

## II.   ANALYSIS

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir.2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). An appeal must be dismissed as moot when it is "impossible for the court to grant any effectual relief whatever to a prevailing party." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). Here, neither party disputes that the pending appeal must be dismissed for lack of jurisdiction because the NLRB decision and the resulting withdrawal of the grievances makes the matter moot. *See Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). Because we do not decide moot appeals, this appeal should be dismissed. *See Ford*, 469 F.3d at 504 (6th Cir. 2006).

Although the parties agree that this case must be dismissed as moot, they dispute how that impacts the decision below. Consolidated argues that we should remand the case to the district court with instructions to vacate the order compelling the parties to arbitrate. The Union argues that the extraordinary remedy of vacatur is not appropriate here.

"Whether any opinion should be vacated on the basis of mootness is an equitable question." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.,* 365 F.3d 435, 484 (6th Cir. 2004)

"[V]acatur is an 'extraordinary remedy,' and it is '[Appellants'] burden, as the party seeking relief from the status quo of the [lower court] judgment, to demonstrate . . . equitable entitlement' to vacatur." *Blankenship v. Blackwell*, 429 F.3d 254, 258 (6th Cir. 2005) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 26 (1994)). On the one hand, vacatur is not justified when mootness is a result of settlement or a court determines the judgment serves the public interest. *U.S. Bancorp Mortgage Co*., 513 U.S. at 26-27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp*., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."). On the other hand, vacatur is favored, "though not exclusively so, when 'mootness results from unilateral action of the party who prevailed below.'" *Fialka-Feldman*, 639 F.3d at 716-17. This is to prevent "the losing party [from living] with the precedential and preclusive effects of the adverse ruling without having had a chance to appeal it." *Id.* at 716.

Consolidated argues in its motion to dismiss that the decision below is "flawed" and should be vacated because the district court did not have subject matter jurisdiction over the Union's claims. But this case presents an unusual circumstance because Consolidated has already raised that issue here and we determined that the district court did have jurisdiction. In that appeal, Consolidated filed a motion for a stay contending "that it is likely to succeed on the merits of the appeal because the district court did not have jurisdiction to compel arbitration." Both parties briefed the issue. We issued a decision describing the factual and procedural background of the case, then examining Consolidated's argument that the NLRB has exclusive jurisdiction and the Union's argument that the federal courts have concurrent jurisdiction in this case. We addressed

our governing precedent, explaining that the NLRB and federal courts have "concurrent jurisdiction over some disputes" that include "charges of both unfair labor practices under the NLRA and breach of a CBA under § 301(a) of the LMRA." *DiPonio Const. Co., Inc. v. Int'l Union of Bricklayers and Allied Craftworkers, Local 9*, 687 F.3d 744, 749 (6th Cir. 2012) (citing *Alongi v. Ford Motor Co*., 386 F.3d 716, 724 (6th Cir. 2004)). And we noted that concurrent federal jurisdiction could exist even if the "NLRB could provide an alternative remedy." *Id.* at 749–50 (citing *Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Air Prod. & Chemicals, Inc.*, 300 F.3d 667, 673 *(*6th Cir. 2002)). We denied Consolidated's motion for a stay of the district court's order compelling arbitration, holding that "the company relies principally on an alleged lack of jurisdiction to support its claim" but "we conclude that the district court correctly held that it had jurisdiction." Thus, Consolidated raised its core issue of lack of federal jurisdiction, and we resolved it. Consolidated has not shown that the public interest would be served by a vacatur.

In light of the record and our prior decision in this appeal, Consolidated has not satisfied its burden of demonstrating entitlement to equitable relief.

## III. CONCLUSION

The "extraordinary remedy" of vacatur of the district court's judgment is unwarranted. For the reasons discussed above, we **DISMISS** the appeal for lack of jurisdiction.

**NALBANDIAN, Circuit Judge, dissenting.** I would vacate the district court's opinion and order compelling arbitration. First, Coke is not responsible for this case becoming moot. Second, vacatur serves the public interest.

The Supreme Court has given lower federal courts sparse guidance on how to determine when vacatur is appropriate after a case becomes moot on appeal. Less than three years ago, the Justices granted vacatur in an appeal after looking to the case's "unique circumstances" and "the balance of equities." *Azar v. Garza*, 138 S. Ct. 1790, 1793 (2018) (per curiam) (awarding vacatur without reference to the public interest). But usually the parties' comparative "fault" in making the case moot and the broader "public interest" "almost entirely, if not entirely" inform this determination. *See Ford v. Wilder*, 469 F.3d 500, 505–06 (6th Cir. 2006) (quoting *Khodara Env't, Inc. ex rel. Eagle Env't L.P. v. Beckman*, 237 F.3d 186, 194–95 (3d Cir. 2001) (Alito, J.)); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).

Here, to the extent either party is responsible for the case becoming moot, it is Teamsters. As the majority explains, after the NLRB dismissed Teamsters's unfair labor practice charges, Teamsters withdrew the grievances it had filed with Coke. Maj. Op. at 4. Both parties agree that this withdrawal mooted the present appeal. The Supreme Court has been reluctant to hand down bright line rules for vacatur. *Compare Bonner Mall*, 513 U.S. at 25 ("Where mootness results from settlement, however, the losing party has voluntarily forfeited . . . his claim to the equitable remedy of vacatur."), *with id.* at 29 ("This is not to say that vacatur can never be granted when mootness is produced" by a settlement). But that "[v]acatur is in order when mootness occurs through . . . the 'unilateral action of the party who prevailed in the lower court'" is as close as the Justices have come. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 72 (1997) (quoting *Bonner Mall*, 513 U.S. at 23).

I am not suggesting, though, that Teamsters mooted this appeal to avoid an adverse result in this Court. The Teamsters likely withdrew their grievances to formally close an agency adjudication, not to preserve their district court victory. *Ford*, 469 F.3d at 507 (Rogers, J., concurring and dissenting) (consideration of which party is at fault for causing the mootness ought to examine whether that party mooted the dispute strategically).

But that Teamsters unilaterally mooted this appeal is far from the only thing convincing me that vacatur is required. Assume instead that the NLRB's decision dismissing Teamsters's unfair labor practice charges effectively mooted this appeal as "happenstance"—"circumstance[] unattributable to any of the parties." *Bonner Mall*, 513 U.S. at 23 (quoting *Karcher v. May*, 484 U.S. 72, 82 (1987)). Even then, "vacatur is in order." *See Arizonans for Off. Eng.*, 520 U.S. at 71 (citing *Bonner Mall*, 513 U.S. at 23). Thus, our sister circuits have vacated district court decisions after final agency action mooted the appeal pending before them. *See, e.g.*, *Lightner ex rel. NLRB v. 1621 Route 22 W. Operating Co.*, 729 F.3d 235, 236–38 (3d Cir. 2013) (vacating, without referencing the public interest, district court decision and order granting injunctive relief when intervening NLRB decision and order mooted cross appeal); *De La Teja v. United States*, 321 F.3d 1357, 1363–64 (11th Cir. 2003) (vacating, without reference to the public interest, portion of district court order addressing alien's Due Process Clause claim when intervening BIA order mooted appeal). So even if neither party is particularly blameworthy, vacatur is appropriate.

In some sense, whether the better reading of the record leads one to conclude Teamsters mooted this case intentionally or the NLRB did so by happenstance doesn't matter. Coke is indisputably blameless. *See Bonner Mall*, 513 U.S. at 25 ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."). And that blamelessness convinces me that vacatur is

warranted. On at least three occasions, the Supreme Court has implied that mootness by happenstance justifies vacatur. *Arizonans for Off. Eng.*, at 71–72; *Bonner Mall*, at 513 U.S. at 25 n.3; *United States v. Munsingwear Inc.*, 340 U.S. 36, 39–40 (1950). So even on the reading of the facts more favorable to Teamsters, that the NLRB mooted this appeal, I would vacate the district court's decision and order. *See Bonner Mall*, at 24–25 ("[T]he ends of justice exact that the judgment below should not be permitted to stand when without any fault of the [appellant] there is no power to review it upon the merits.") (quoting *United States v. Hamburg–Amerikanische Packetfahrt–Actien Gesellschaft,* 239 U.S. 466, 477–78 (1916)).

I am not convinced by the majority's opinion, which spends only two sentences on fault and does not consider which party mooted this case (Teamsters) or the consequences to the losing party (Coke). Instead, the majority expresses confidence that our earlier stay opinion got this case right on the merits. *See* Maj. Op. at 7 ("Thus, Consolidated raised its core issue of lack of federal jurisdiction, and we resolved it."); *id.* at 6 ("[T]his case presents an unusual circumstance because Consolidated has already raised that issue here and we determined that the district court did have jurisdiction.").

To me, however, "it is normally inappropriate to base a decision on whether to vacate a mooted case on assumptions about the merits of that case." *Ford*, 469 F.3d at 507 (Rogers, J., concurring and dissenting); *see Bonner Mall*, 513 U.S. at 27–28. Our stay opinion didn't reach the merits of Coke's appeal. *See* Order Den. Stay, at 4–5 (concluding that Coke's appeal is unlikely to succeed on the merits). That opinion isn't precedential; it doesn't bind us or any other future merits panel. *See Kraus v. Taylor*, 715 F.3d 589, 594 (6th Cir. 2013). It's not even law of the case. *See* 18B WRIGHT & MILLER, *Fed. Prac. & Proc.* § 4478.5 (2d ed. 2021). My hesitance to consider the merits is especially warranted here, where Coke had every intention of challenging

the stay opinion. The parties fully briefed the merits, and the only thing denying Coke its appeal was Teamsters's decision to moot the case. So I don't take any comfort in our stay order.

The majority's decision subjects Coke to an unreviewed order compelling arbitration with a union whose charges were dismissed by the NLRB. Why? Because, the majority asserts, "[Coke] has not shown that the public interest would be served by a vacatur." Maj Op. at 7. But I am more skeptical that "the balance of equities" requires a party subject to a live district court order to establish a public interest much beyond their own private interest. *See Garza*, 138 S. Ct. at 1793. The continuing effect of the district court's order, after all, is the crux of Coke's request for vacatur. (Appellant's Br. at 8–9; Reply Br., at 2.)

Vacatur nevertheless serves the public interest here. "[T]he public interest is best served by granting [vacatur] when the demands of 'orderly procedure' cannot be honored." *Bonner Mall*, 513 U.S. at 27 (quoting *Munsingwear*, 340 U.S. at 41). That orderly procedure, "appeal as of right," has failed here. *Id.* So vacatur furthers the public interest.

But, even if that general rule were somehow inapplicable, consider the specifics of what happened below. Coke moved some of its bottling operations from Ohio to Kentucky. Teamsters filed grievances with Coke, asserting that their Ohio CBA should cover the new Kentucky facility. Coke denied the grievances and refused to arbitrate the matter, so Teamsters sued them. Teamsters won before the district court, which gave them an order compelling Coke to arbitrate the union's grievances. While that was happening, the parties were also adjudicating the same issue, whether the Ohio CBA covered the new Kentucky facility, before the NLRB. Eventually, Coke won the agency adjudication, and the NLRB dismissed Teamsters's charges.

What does that actually mean? The NLRB, in effect, decided that any efforts by Teamsters to obtain and enforce a favorable arbitration decision would be an unfair labor practice and thus

unlawful.  *See Brooks Brothers*, 365 NLRB No. 61, slip op. at 3–4 (Apr. 13, 2017) (holding that a lawsuit seeking enforcement of arbitration award deciding that employees at a new location were subject to CBA governing old location, after the Board had concluded otherwise, was unlawful); *Rite Aid Corp.*, 305 NLRB 832, 833–35 (1991) (same).  So Teamsters cancelled the parties' scheduled arbitration.  But it refused to agree to vacatur or dismissal of the underlying district court suit.

That might be because NLRB precedent is fickle.  The Board is free to overturn its precedents at any time, as long as it shows "awareness that it is changing position," demonstrates that the new "rule is permissible under the statute," and shows "good reasons for the new policy." *Circus Circus Casinos, Inc. v. NLRB*, 961 F.3d 469, 476 (D.C. Cir. 2020) (quoting *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)) (cleaned up).  In just the last five years, the NLRB has overturned itself repeatedly, sometimes even overturning past decisions overturning itself.[1]

That means that leaving the district court order on the books asks Coke to live under a raised hammer.  I don't know if Teamsters is likely to try and overturn or limit *Gitano Distrib. Ctr.*, 308 NLRB 1178 (1992), the decision that the Board's General Counsel said controlled this dispute.  But, even if it wasn't before today, leaving the district court's order in place gives

---

[1] *See, e.g.*, *Caesars Ent.*, 368 NLRB No. 143, slip op. at 4–10 (Dec. 16, 2019) (overruling *Purple Communications, Inc.*, 361 NLRB 126 (2014), which itself had overruled *Register Guard*, 351 NLRB 70 (2007), to reinstate the standard announced in *Register Guard*); *PCC Structurals, Inc.*, 365 NLRB No. 160, slip op. at 3–13 (Dec. 15, 2017) (overruling *Specialty Healthcare & Rehabilitation. Center of Mobile*, 357 NLRB 934 (2011), which itself had modified the test laid out in *United Operations, Inc.*, 338 NLRB 123, (2002), to reinstate the test applied in *United Operations*); *Boeing Co.*, 365 NLRB No. 154, slip op. at 7–15 (Dec. 14, 2017) ("For all these reasons, we overrule *Lutheran Heritage*[, 343 NLRB 75 (2004)] and adopt a new standard."); *Miller & Anderson, Inc.*, 364 NLRB No. 39, slip op. at 7–18 (July 11, 2016) (overruling *Oakwood Care Center*, 343 NLRB 659 (2004), which itself had overruled *M.B. Sturgis, Inc.*, 331 NLRB 1298 (2000), to reinstate the rule from *Sturgis*).

Teamsters an incentive to do so. If successful, Teamsters could haul Coke into arbitration with a district court order that was never subject to (indeed, that they had insulated from) appellate review. The public has an interest in avoiding this kind of dragged-out "gotcha" labor relations.

Appeal as of right is the "primary route" "through which parties may seek relief from the legal consequences of judicial judgments." *Bonner Mall*, 513 U.S. at 27. When intervening mootness prevents a party from seeing its appeal through to the end it is "the duty of the appellate court" to "vacate the judgment below" and "clear[] the path for future relitigation of the issues between the parties." *Munsingwear*, 340 U.S. at 40. "[I]t makes little sense to compel the losing party to live with the precedential and preclusive effects of the adverse ruling without having had a chance to appeal it." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 716 (6th Cir. 2011).

I respectfully dissent.