FILED
12/27/2024
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
December 4, 2024 Session Heard at Clarksville[1]

## TERESA THOMPSON LOCKE, ET AL. v. JASON D. ASTON, M.D., ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
No. 20C351    Amanda McClendon, Judge

_____

**No. M2022-01820-SC-R11-CV**

_____

# ORDER DISMISSING APPEAL AS MOOT

## I.  Introduction

This case is before the Court on the Rule 11 application of Plaintiffs Teresa Thompson Locke and Randy Locke (collectively the "Lockes").  This Court granted the Rule 11 application on March 6, 2024.  The matter was fully briefed and oral arguments were conducted on December 4, 2024.  We have determined that the appeal should be dismissed, and the Court of Appeals judgment and related trial court orders vacated, for the reasons set forth below.

## II.  Factual and Procedural Summary

This appeal stems from an interlocutory dispute regarding the discoverability of surveillance videos of the Lockes obtained by the Defendant Dr. Jason D. Aston.  During the pendency of this matter, the Lockes served Dr. Aston with interrogatories and requests for production of documents seeking information as to whether Dr. Aston was in possession of any photographs or video recordings of the Lockes.  Dr. Aston responded to the discovery requests, admitting that he had obtained video surveillance of the Lockes.  Dr. Aston objected to producing any of the videos contending that they constituted attorney work product.  The Lockes filed a Motion to Compel to obtain the videos.  Dr. Aston responded and produced a privilege log identifying six surveillance videos.

---

[1] Oral argument was heard in this case on the campus of Austin Peay State University in Clarksville, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

The trial court heard arguments on the Motion to Compel and granted the Motion to Compel ordering Dr. Aston to produce the videos. Subsequently, Dr. Aston filed a Motion to Alter or Amend, asking the trial court to narrow the ruling to require production of only those surveillance videos that would be used at trial. The trial court granted this motion and entered an order limiting the required production only to those videos that would be used at trial. The Lockes sought a Rule 9 interlocutory appeal, and the Court of Appeals affirmed the decision of the trial court.

During oral arguments on this matter, counsel for Dr. Aston admitted that all surveillance videos showing either of the Lockes had been produced. He further confirmed that nothing was being withheld on the basis of a privilege.

### III. Analysis

Under the doctrine of justiciability, courts will "stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *Shaw v. Metro. Gov't of Nashville and Davidson Cnty.*, 651 S.W.3d 907, 912 (Tenn. 2022) (quoting *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994)). This Court does not render advisory opinions or decide abstract legal questions. "Cases must remain justiciable throughout the entire litigation, including appeal." *Id*. Cases lose their justiciability and are rendered moot "if the case can no longer serve as a means of providing some type of judicial relief . . . ." *Id*. "A moot case is one that has lost its character as a present, live controversy." *McIntyre*, 884 S.W.2d at 137.

As confirmed during oral argument, this appeal lost its character as a present, live controversy. The controversy at issue centered on whether Dr. Aston must produce all surveillance videos or whether some videos were protected from production by the work product privilege. Dr. Aston has now produced all videos and is not withholding any items pursuant to a privilege. Consequently, there is no present or live controversy.

While Tennessee has recognized several exceptions to the mootness rule, the Court has considered those exceptions and finds that none apply. *McIntyre*, 884 S.W.2d at 137.

Ordinarily, if it becomes apparent that a case is moot on appeal, we vacate the judgments below with directions to dismiss the case. *Shaw*, 651 S.W.3d at 912 (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288 n.9 (1982) (citing *United States v. Munsingwear*, 340 U.S. 36 (1950))). Vacating a lower court's judgment means that it holds no precedential value. *See McIntyre*, 884 S.W.2d at 138. Vacatur and dismissal, however, are not automatic. The proper disposal of a moot appeal is an equitable matter that "turns on the facts and circumstances of each case." *Shaw*, 651 S.W.3d at 917.

This case is distinguishable from *Shaw*, *City of Mesquite*, and *Munsingwear* because it is an interlocutory appeal, not an appeal from a final judgment. The only issue in this

interlocutory appeal is the discoverability of Dr. Aston's surveillance videos. Some courts have declined to vacate lower court orders when an *interlocutory* appeal becomes moot. *See, e.g.*, *S. Wind Women's Ctr. LLC v. Stitt*, 823 Fed. Appx. 677, 681 (10th Cir. 2020) (declining to vacate preliminary injunction order when case became moot on appeal and noting that the Tenth Circuit's "usual practice" in interlocutory appeals is "just to dismiss the appeal as moot and not vacate the order appealed from"); *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020) ("In the case of interlocutory appeals . . . the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from." (cleaned up)); *In re Tax Refund Litig.*, 915 F.2d 58, 59 (2d Cir. 1990) (same); *Gjertsen v. Bd. of Election Comm'rs*, 751 F.2d 199, 202 (7th Cir. 1984); *McLane v. Mercedes-Benz of N. Am., Inc.*, 3 F.3d 522, 524 n.6 (1st Cir. 1983) (same).

Whether or not vacatur should be the usual practice when an interlocutory appeal becomes moot, we conclude that vacatur is warranted here based on the unique facts and circumstances in this case. After obtaining a favorable order from the trial court limiting his production obligations, Dr. Aston voluntarily produced all the videos at issue, unilaterally mooting the controversy and effectively precluding the Lockes from challenging the trial court's order on appeal. Dr. Aston acknowledged during oral arguments in this Court that he filed the Motion to Alter or Amend to narrow the trial court's ruling on the Motion to Compel largely due to the potential precedential value of the trial court's order. It would be inappropriate to allow him to maintain that ruling following his unilateral action, which mooted the issue and prevented appellate review. *See*, *e.g.*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997) ("It would certainly be a strange doctrine that would permit a [party] to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment." (quotations omitted)); *Bd. of Supervisors of Fairfax Cnty. v. Ratcliff*, 842 S.E.2d 377, 379 (Va. 2020) (collecting federal and state authority supporting the view that "[w]hen a prevailing party voluntarily and unilaterally moots a case, preventing an appellant from obtaining appellate review, vacatur of lower court judgments is generally appropriate"); *see also Azar v. Garza*, 584 U.S. 726, 729 (2018) (vacating lower court order in interlocutory appeal because of the prevailing party's "voluntary, unilateral action").

Although we conclude that vacatur is appropriate, we decline to follow our usual practice of directing dismissal of the case. Although the discovery issue presented in this interlocutory appeal is moot, the Lockes' underlying claims remain justiciable. Thus, there is no reason to direct dismissal of the complaint.

## IV. Conclusion

For the reasons set forth above, we dismiss this appeal and vacate the Court of Appeals judgment and trial court orders granting the Motion to Compel and Motion to Alter or Amend. We remand with instructions to deny the Motion to Compel as moot and

for further proceedings consistent with this Order. Any future discovery production or disputes will need to be addressed by the parties and the trial court in accordance with the Rules of Civil Procedure.

This Order is designated for publication pursuant to Tennessee Supreme Court Rule 4.

It is so ORDERED.

PER CURIAM